OPINION
{¶ 1} On September 7, 2003, appellant, Harry Bates, was charged with operating a motor vehicle under the influence of alcohol in violation of R.C. 4511.19. On September 17, 2003, appellant was granted a recognizance bond and placed on electronically monitored house arrest. Appellant's arraignment was scheduled for September 24, 2003. On said date, the case was dismissed so that the charge could be refiled as a felony (fourth offense in six years).
 {¶ 2} On October 17, 2003, the Guernsey County Grand Jury indicted appellant on two counts of driving a motor vehicle under the influence of alcohol in violation of R.C. 4511.19 and one count of receiving stolen property in violation of R.C. 2913.51. Appellant appeared for arraignment on October 27, 2003. The trial court released appellant on a recognizance bond and ordered him to continue his electronically monitored house arrest.
 {¶ 3} On February 6, 2004, the trial court released appellant from the electronically monitored house arrest, as appellant was having difficulty paying for the service.
 {¶ 4} On March 8, 2004, appellant pled no contest to one count of operating a motor vehicle under the influence of alcohol. On March 30, 2004, the trial court sentenced appellant to one year in jail, credit for seven days spent in jail.
 {¶ 5} On April 1, 2004, appellant filed a motion for credit for the time he spent under electronically monitored house arrest from October 27, 2003 to February 6, 2004. By judgment entry filed April 28, 2004, the trial court denied said motion.
 {¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 7} "The trial court erred in denying to appellant credit against his stated prison term for the days that he spent confined by court order in his home under electronically monitored house arrest."
 I {¶ 8} Appellant claims the trial court erred in not granting him jail time credit for the period of time he was under electronically monitored house arrest. We disagree.
 {¶ 9} By judgment entry filed April 2, 2004, the trial court sentenced appellant to one year in prison with "jail time credit of 7 days as of March 31, 2004, for time incarcerated between March 24-30, 2004. Counsel granted leave to file motion for additional credit for time under electronically monitored house arrest." By judgment entry filed April 28, 2004, the trial court denied the motion.
 {¶ 10} On numerous occasions, this court has found that on this issue, a timely appeal must be taken from the original judgment entry of sentence. In the case sub judice, the judgment entry of sentence was filed on April 2, 2004 and the notice of appeal was untimely filed on May 18, 2004. However, we find the trial court's specific reference of granting leave to determine the issue of electronically monitored house arrest to be a distinguishing factor that makes, in this particular case, the May 18, 2004 appeal timely.
 {¶ 11} The gravamen of this appeal is whether electronically monitored house arrest constitutes "confinement" as contemplated by R.C. 2967.191 which states as follows:
 {¶ 12} "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term."
 {¶ 13} In State v. Studer (March 5, 2001), Stark App. No. 2000CA00180, this court found electronically monitored house arrest not to be confinement under R.C. 2967.191:
 {¶ 14} "Although `house arrest' is defined in R.C. 2929.01(S) as a `period of confinement', courts have held that a term of electronic house arrest imposed as a condition of bail does not constitute confinement. See State v. Faulkner (1995),102 Ohio App.3d 602 and State v. Tyler (1993), 90 Ohio App.3d 380, 381. As noted by the court in Faulkner, supra.: [I]n order for defendant to receive credit toward his one year sentence, the period of his electronic home monitoring must be considered confinement within the meaning of R.C. 2967.191. The term `confinement,' while not defined, is set forth in R.C.2921.01(E), which defines `detention' as `arrest; confinement in any vehicle subsequent to an arrest; confinement in any facility for custody of persons charged with or convicted of crime or alleged or found to be delinquent or unruly * * *. Detention does not include supervision of probation or parole, or constraint incidental to release on bail.'"
 {¶ 15} Appellant is similarly situated as the appellant inStuder. The electronically monitored house arrest in this case was a condition of bond. Appellant was free on bond and such constraint was incidental to his release on bail. R.C.2921.01(E).
 {¶ 16} The sole assignment of error is denied.
 {¶ 17} The judgment of the Court of Common Pleas of Guernsey County, Ohio is affirmed.
Farmer, P.J. Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Guernsey County, Ohio is affirmed.