OPINION
{¶ 1} Defendant-appellant Donald Krouskoupf, III, appeals from the March 31, 2005, Judgment Entry of the Muskingum County Court of Common Pleas which revoked appellant's community control and imposed a 24-month prison sentence. The plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On May 2, 2003, as part of a plea agreement, appellant pled guilty to four counts of breaking and entering, in violation of R.C. 2913.13(A), one count of attempted breaking and entering, in violation of R.C. 2911.13(A) and R.C. 2923.02(A), two counts of theft, in violation of R.C. 2913.02(A)(1), one count of possession of criminal tools, in violation of R.C. 2923.24(A), and one count of tampering with coin machines, in violation of R.C. 2911.32(A).
 {¶ 3} On June 23, 2003, appellant returned to the trial court for sentencing. The trial court placed appellant on community control. In addition, the trial court ordered that appellant be placed upon electronically monitored house arrest for a period of five months and ordered appellant to pay restitution to his victims in the amount of $12,184.10. While imposing sentence, the trial court advised appellant that a violation of any community control sanction would result in the revocation of community control and the imposition of a 24-month prison sentence. See Judgment Entry, June 26, 2003.
 {¶ 4} On March 4, 2005, a motion was filed which alleged that appellant had violated certain sanctions of his community control. Appellant appeared in court with counsel on March 7, 2005. The trial court found probable cause to detain appellant and set the matter for a hearing on the merits.
 {¶ 5} The matter was heard on March 21, 2005. After receiving the testimony of appellant's probation officer and appellant, the trial court found that appellant had failed to abide by the rules of his community control and imposed the prison sentence of 24 months. A corresponding Judgment Entry was filed on March 31, 2005. In that Entry, the trial court granted appellant 87 days of jail time credit but did not grant appellant credit for time served on electronically monitored house arrest.
 {¶ 6} It is from the March 31, 2005, Judgment Entry that appellant appeals, raising the following assignments of error:
 {¶ 7} "I. THE COURT ERRED WHEN IT SIGNED A SENTENCING ENTRY FILE-STAMPED MARCH 31, 2005, WHICH FAILED TO GIVE APPELLANT CREDIT FOR FIVE MONTHS OF HOUSE ARREST TIME.
 {¶ 8} "II. THE TRIAL COURT ERRED WHEN IT FAILED TO INQUIRE OF THE APPELLANT AT THE SENTENCING HEARING ON MARCH 31, 2005, IF HE HAD ANYTHING TO SAY ABOUT THE SENTENCING.
 {¶ 9} "III. THE SYSTEM FAILED WHEN APPELLANT WAS DENIED THE ASSISTANCE OF EFFECTIVE COURT APPOINTED COUNSEL."
 I {¶ 10} In the first assignment of error, appellant contends that the trial court erred when it failed to give appellant credit for time served on house arrest. We disagree.
 {¶ 11} This court has considered this issue previously. In order for appellant to receive credit towards his prison sentence, the period of house arrest must be considered confinement within the meaning of R.C. 2967.191. State v.Faulkner (1995), 102 Ohio App.3d 602, 657 N.E.2d 602. In Statev. Studer (March 5, 2001), Stark App. No. 2000CA00180, this court found electronically monitored house arrest was not confinement under R.C. 2967.191. Specifically, this court held as follows: "The term `confinement,' while not defined, is set forth in R.C. 2921.01(E), which defines `detention' as `arrest; confinement in any vehicle subsequent to an arrest; confinement in any facility for custody of persons charged with or convicted of crime or alleged or found to be delinquent or unruly. . . . Detention does not include supervision of probation or parole, or constraint incidental to release on bail." Studer, supra.
 {¶ 12} In this case, appellant spent five months on house arrest as a term of his community control, or, in other words, probation. Because such supervision does not constitute confinement, appellant is not entitled to jail time credit for the time served on the house arrest.
 {¶ 13} Appellant's first assignment of error is overruled.
 II {¶ 14} In the second assignment of error, appellant argues that the trial court erred when it failed to inquire of appellant if he had something to say before appellant was sentenced. We disagree.
 {¶ 15} First, we note that appellant cites no law or precedent in support of his contention. Second, we find that appellant's argument is without merit. Admittedly, before imposing sentence at a sentencing hearing, the court shall afford counsel an opportunity to speak on behalf of the defendant and shall also address the defendant personally and ask him if he wishes to make a statement or presentation on his own behalf. See Crim.R. 32(A) (1) and R.C. 2947.05. However, in this case, the trial court was not conducting a sentencing hearing. The sentence that the appellant would receive if he violated community control sanctions had already been decided and announced by the trial court nearly two years earlier at the original sentencing hearing. The trial court was conducting a revocation hearing. There are no equivalent statutes or rules for such hearings.
 {¶ 16} Accordingly, we find that the trial court did not commit error when it imposed the prison sentence without giving appellant an opportunity to speak. For the foregoing reasons, appellant's second assignment of error is overruled.
 III {¶ 17} In the third assignment of error, appellant contends that he was denied effective assistance of counsel. We disagree.
 {¶ 18} The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064,80 L.Ed.2d 674, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. See State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373.
 {¶ 19} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley,42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id. at 142.
 {¶ 20} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. A court may dispose of a case by first considering whether there was prejudice, if that would facilitate disposal of the case. Bradley,42 Ohio St.3d at 143. Further, we note that a properly licensed attorney is presumed competent. See Vaughn v. Maxwell (1965),2 Ohio St.2d 299, 209 N.E.2d 164; State v. Calhoun, 86 Ohio St.3d 279,1999-Ohio-102, 714 N.E.2d 905.
 {¶ 21} Specifically, appellant contends that his trial counsel was ineffective when counsel failed to advise the trial court that appellant desired to remain on community control and thought that he deserved another chance; failed to permit appellant to make a statement in his own behalf at the hearing; failed to prepare an oral or written statement to request a continuance or extension of community control; failed to realize that appellant would be found guilty and to be honest with appellant and advise appellant as such; and failed to have appellant prepare a statement in which appellant would have advised the court that he wished to stay on community control.
 {¶ 22} In considering appellant's contentions, we are first struck by the conclusion that it is generally assumed that an offender would prefer to stay on community control. However, with that said, this court finds that appellant has failed to show prejudice. There is no indication that the trial court's decision would have been any different if counsel or appellant had addressed the court. Appellant was found to have committed violations of his community control.[1] At the sentencing hearing, held June 23, 2003, the trial court told appellant that any violation of the terms and conditions of community control would result in a 24-month prison sentence. Upon finding that appellant had violated the terms of his community control, the trial court imposed the very sentence it had advised appellant it would impose. We find no reasonable probability that the result would have been different but for the actions of counsel.
 {¶ 23} Accordingly, appellant's third and final assignment of error is overruled.
 {¶ 24} The judgment of the Muskingum County Court of Common Pleas is affirmed.
Edwards, J. Boggins, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] The trial court found that the following conduct by appellant violated the rules of appellant's community control: appellant left Muskingum County without permission; appellant possessed two firearms and several rounds of ammunition; and appellant failed to report to his probation officer as instructed.