DECISION.
{¶ 1} After a plea bargain, defendant-appellant Nichelle Anderson pled guilty to disorderly conduct, a misdemeanor of the fourth degree, and no contest to criminal damaging, a misdemeanor of the second degree. These charges stemmed from Anderson's destruction of her sister's apartment after an argument between the two. Anderson destroyed several of the apartment's windows, a door frame, and furniture.
 {¶ 2} The trial court imposed a suspended sentence and placed Anderson on five years' probation. Anderson's probation included a restitution order of $6,510, as well as electronic monitoring. The trial court stated that the electronic monitoring could be suspended upon Anderson's full payment of the ordered restitution.
 {¶ 3} Anderson has appealed, raising three assignments of error, which we address in order.
 Conditions of Probation/Community Control {¶ 4} In her first assignment of error, Anderson argues that the trial court erred in imposing an excessive amount of restitution and in ordering her to be placed on electronic monitoring for five years.
 A. Restitution {¶ 5} Anderson alleges that restitution in the amount of $6,510 was excessive and was not supported by the evidence.
 {¶ 6} R.C. 2929.28 governs a trial court's imposition of restitution for a misdemeanor offense. R.C. 2929.28(A)(1) provides that a court may base the amount of restitution "on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing the property, and other information * * *." The amount of restitution must be based on the victim's economic loss.[1]
 {¶ 7} The trial court determined the amount of Anderson's restitution based upon an invoice provided by the victim. This invoice was introduced at the same hearing where Anderson pled guilty and sentence was imposed, although the invoice was not made a part of the record for this court to review. Anderson did not object during this hearing to the proffered amount of restitution.
 {¶ 8} We review restitution-based sentencing errors for plain error when no objection is raised in the trial court.[2]
Plain error only serves as a ground for reversal when exceptional circumstances require it to prevent a manifest miscarriage of justice.[3]
 {¶ 9} We find no plain error in the circumstances before us. The trial court was permitted by statute to rely on an amount of restitution recommended by the victim. Anderson caused excessive damage to her sister's apartment, and the record does not indicate that the amount of restitution ordered was not based on the victim's economic loss. And, most telling, Anderson did not contest the amount when it was proffered.
 {¶ 10} We further note that the amount of restitution was not affected by the fact that Anderson destroyed rental furniture. Even though the furniture was rented, her sister was responsible for the damage.
 {¶ 11} We conclude that no error resulted from the trial court's order of restitution.
 B. Electronic Monitoring {¶ 12} Anderson additionally argues that the imposition of five years of electronic monitoring violated her rights to due process. She argues that it was cruel and unusual punishment because she only faced a maximum of 90 days' incarceration for a misdemeanor of the second degree.
 {¶ 13} We faced a similar issue in State v.Downey.[4] In Downey, the defendant pled no contest to a misdemeanor of the fourth degree. The trial court imposed a suspended sentence and placed Downey on one year of community control, including electronically monitored house arrest. Downey argued that because he only faced a maximum of 30 days' incarceration for a fourth-degree misdemeanor, he could have only been placed on electronic monitoring for 30 days.
 {¶ 14} We found Downey's argument to be without merit, stating that "R.C. 2929.25(A)(1)(b) permits a trial court to impose a jail term upon an offender convicted of a misdemeanor and then suspend all or a portion of that term and place the offender under community-control sanctions. R.C. 2929.27(A)(2) permits a sentencing court to impose a term of house arrest with electronic monitoring as a nonresidential community-control sanction on an offender convicted of a misdemeanor. [R.C.2929.25(A)(2) provides that] [c]ommunity-control sanctions may last up to five years."[5]
 {¶ 15} We further reasoned in Downey that "because community-control sanctions may last up to five years, it is reasonable to conclude that the state legislature must have intended to give sentencing courts a limited way to retain control over offenders convicted of misdemeanors for a period longer than the authorized maximum jail term."[6]
 {¶ 16} The analysis in Downey is sound and well reasoned. We hold that it applies to the case presently before us. A trial court may suspend the sentence of an offender convicted of a misdemeanor and then impose up to five years of electronic monitoring as a community-control sanction, even though that time exceeds the authorized maximum jail term for the misdemeanor offense.
 {¶ 17} But we are mindful that the probation, or community-control, sanctions imposed must be related to the "interests of doing justice, rehabilitating the offender, and insuring his good behavior."[7] To determine whether a sanction is so related, we must consider whether the sanction "(1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation."[8]
 {¶ 18} After considering these guiding principles, we conclude that electronic monitoring was an appropriate community-control sanction in this case. Anderson committed a violent and destructive act against her sister's property. Her sister was forced to hide in her bedroom while Anderson destroyed the apartment. Electronic monitoring was a rational and reasonable method of maintaining some degree of control over Anderson, and it helped to ensure that she complied with the court-ordered restitution.
 {¶ 19} Anderson further argues that post-trial electronic monitoring constituted detention and maintains that time spent on electronic monitoring should have counted towards her sentence. As a result, she argues, five years of electronic monitoring exceeded the maximum permissible sentence.[9] Although our preceding discussion determines this issue, we briefly address Anderson's contention.
 {¶ 20} To support her argument that post-trial electronic monitoring constituted detention, Anderson refers us to a sentencing provision from the Revised Code concerning offenses for driving while intoxicated. This provision allows for electronically monitored house arrest, instead of jail time, to be imposed upon a determination by the trial court that there is unavailable jail space for the offender. But we have already found this argument to be without merit. In Downey, we stated that "[s]imply because the statute governing sentencing for driving under the influence provides that a term of house arrest may not exceed the mandatory jail term does not mean that the state legislature intended to equate house arrest, when imposed as a condition of community control, to jail time."[10]
 {¶ 21} Post-trial electronic monitoring is not a form of detention. R.C. 2921.01(E) contains a lengthy definition of "detention."[11] The annotations to this provision provide that the definition of detention "expressly excludes the supervision and restraint incidental to probation, parole, and release on bail."[12] Electronic monitoring is a form of supervision and restraint while on community control. As such, it is not detention.[13]
 {¶ 22} And because we have already determined that five years of electronic monitoring was properly imposed as a community-control sanction, not as an actual sentence of confinement, Anderson was not entitled to credit for time served on electronic monitoring, and her sentence was proper.[14]
 {¶ 23} We overrule Anderson's first assignment of error.
 Crim.R. 11(E) {¶ 24} In her second assignment of error, Anderson argues that the trial court did not comply with Crim.R. 11(E). She specifically argues that, before accepting her plea, the trial court was required to inform her of the constitutional rights that she was waiving, as well as to inform her of the extent of the restitution that could be assessed against her and that she faced up to five years of electronic monitoring.
 {¶ 25} A detailed examination of Crim.R. 11 indicates that Anderson is incorrect.
 {¶ 26} Crim.R. 11(E), applicable to offenders convicted of misdemeanors involving petty offenses, including Anderson, provides that a trial court may not accept a guilty or no contest plea "without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty."[15]
 {¶ 27} Crim.R. 11(C), applicable to pleas of guilty and no contest for felony offenses, provides that a plea may not be accepted unless the trial court determines that the plea is voluntary and informs the offender of the maximum penalty faced. The court must additionally inform the offender of the effect of the plea and of the various delineated rights that are being waived. These rights include the "rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."[16]
 {¶ 28} Crim.R. 11(D), applicable to misdemeanor cases involving serious offenses, provides that the trial court must inform the offender of the effect of the plea and determine that the offender is entering the plea voluntarily.
 {¶ 29} As demonstrated by Crim.R. 11(C) and (D), the legislature has contemplated and imposed more stringent requirements for the acceptance of a plea. Under particular circumstances, i.e., felony offenses under Crim.R. 11(C), a trial court must inform an offender of the specific constitutional rights that are being waived. But the legislature has chosen not to impose such a requirement on pleas involving petty misdemeanors under Crim.R. 11(E), and we decline to establish a new set of rights under this rule.
 {¶ 30} We hold that, before accepting a plea of guilty or no contest under Crim.R. 11(E), a trial court need not inform an offender of the offender's constitutional rights that are being waived. Nor must an offender be informed of the amount of restitution that could be assessed against him or her, or of the various community-control sanctions, including electronic monitoring, that might be imposed.
 {¶ 31} Our review of the record indicates that the trial court fully complied with Crim.R. 11(E). Anderson was informed of the effect of her pleas, as well as of the maximum penalty and fine that could be imposed for each offense. Accordingly, we overrule Anderson's second assignment of error.
 Ineffective Assistance {¶ 32} In her third assignment of error, Anderson argues that she received ineffective assistance of counsel. She alleges that her counsel was ineffective for failing to secure a representation from the state concerning the amount of restitution and the length of time that she would be placed on electronic monitoring.
 {¶ 33} To succeed on a claim of ineffective assistance, it must be shown that counsel's performance was deficient and that the defendant was prejudiced by this deficient performance.[17] In the context of a plea bargain, a defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[18]
 {¶ 34} Anderson's allegations of ineffectiveness involve discussions between her counsel and the state. Such discussions are not evidenced in the record, and we cannot review the communications, if any, that took place between these parties concerning restitution and electronic monitoring. "Any allegations of ineffectiveness based on facts not appearing in the record should be reviewed through the postconviction remedies of R.C. 2953.21."[19]
 {¶ 35} We overrule Anderson's third assignment of error and accordingly affirm the judgment of the trial court.
Judgment affirmed.
Gorman, P.J., and Sundermann, J., concur.
[1] R.C. 2929.28(A)(1).
[2] See State v. Gears (1999), 135 Ohio App.3d 297, 299,733 N.E.2d 683.
[3] State v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus.
[4] State v. Downey (July 27, 2005), 1st Dist. No. C-040553.
[5] Id.
[6] Id.
[7] State v. Jones (1990), 49 Ohio St.3d 51, 53,550 N.E.2d 469.
[8] Id.
[9] Anderson also raises this issue in her second assignment of error. For clarity, we address her arguments together.
[10] State v. Downey (July 27, 2005), 1st Dist. No. C-040553.
[11] R.C. 2929.01(PP) provides that "detention and detention facility have the same meanings as in section 2921.01 of the Revised Code."
[12] 1974 Committee Comment to H.B. No. 511 (found in annotations to R.C. 2921.01).
[13] See State v. Faulkner (1995), 102 Ohio App.3d 602, 604,657 N.E.2d 602; State v. Krouskoupf, 5th Dist. No. CT2005-0024,2006-Ohio-783, ¶ 11.
[14] See State v. Lamis (2000), 139 Ohio App.3d 617, 620,744 N.E.2d 1260; State v. Salter (July 27, 2000), 8th Dist. No. 76598.
[15] Crim.R. 11(E).
[16] Crim.R. 11(C)(2)(c).
[17] Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052.
[18] Hill v. Lockhart (1985), 474 U.S. 52, 59,106 S.Ct. 366.
[19] State v. Coleman, 85 Ohio St.3d 129, 134, 1999-Ohio-258,707 N.E.2d 476.