OPINION
{¶ 1} Defendant-appellant Kevin Dye appeals from the January 10, 2006, Judgment Entry of the Richland County Court of Common Pleas overruling his motion for jail credit. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 9, 2003, the Richland County Grand Jury indicted appellant on one count of failure to comply with the order or signal of a police officer in violation of R.C.2921.331(B)(3), a felony of the third degree. The indictment contained a felony specification that appellant's operation of the motor vehicle caused a "substantial risk of serious physical harm to persons or property."
 {¶ 3} On April 23, 2003, appellant posted bond in the amount $5,000.00. As a condition of his bond, appellant was placed on electronically monitored house arrest. At his arraignment on May 6, 2003, appellant entered a plea of not guilty to the charge contained in the indictment.
 {¶ 4} Appellant's bond was revoked on April 28, 2004, and appellant was incarcerated until his trial.
 {¶ 5} Thereafter, a jury trial commenced on May 13, 2004. The jury, on May 13, 2004, found appellant guilty of failing to comply with the order or signal of a police officer. The jury further found that the State proved beyond a reasonable doubt that appellant's operation of a motor vehicle had caused a substantial risk of serious physical harm to persons or property. As memorialized in an entry filed on May 18, 2004, the trial court sentenced appellant to four years in prison.
 {¶ 6} On January 4, 2006, appellant filed a motion for jail time credit for the 370 days that he spent on house arrest from April 23, 2003, through April 28, 2004. Pursuant to a Judgment Entry filed on January 10, 2006, the trial court overruled appellant's motion.
 {¶ 7} Appellant now raises the following assignment of error on appeal:
 {¶ 8} "THE TRIAL COURT PREJUDICALLY [SIC] ERRED IN DENYING APPELLANT'S MOTION FOR AND APPELLANT'S RIGHT TO RECEIVE CREDIT FOR AND TIME SERVED ON ELECTRONICALLY MONITORED HOME DETENTION IN VIOLATION AND GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENT DUE PROCESS CLAUSE RIGHTS OF THE UNITED STATE'S AND OHIO CONSTITUTION(S), ARTICLE I, SECTIONS X XVI: AND ORC § 2929.23(A)(4)(b)(1)."
 I {¶ 9} Appellant, in his sole assignment of error, argues that the trial court erred in denying his motion for jail time credit for time served on electronically monitored house arrest. We disagree.
 {¶ 10} In order for appellant to receive credit towards his prison sentence, the period of house arrest must be considered confinement within the meaning of R.C. 2967.191. State v.Faulkner (1995), 102 Ohio App.3d 602, 657 N.E.2d 602. In Statev. Studer (March 5, 2001), Stark App. No. 2000CA00180, this Court found electronically monitored house arrest was not confinement under R.C. 2967.191. Specifically, this Court held as follows: "The term `confinement,' while not defined, is set forth in R.C. 2921.01(E), which defines `detention' as `arrest; confinement in any vehicle subsequent to an arrest; confinement in any facility for custody of persons charged with or convicted of crime or alleged or found to be delinquent or unruly. . . . Detention does not include supervision of probation or parole, or constraint incidental to release on bail." Studer, supra at 2. See also State v. Bates, Guernsey App. No. 04CA11,2004-Ohio-6856 and State v. Krouskoupf, Muskingum App. No. No. CT2005-0024, 2006-Ohio-783. Furthermore, in State v. Gapen, 104 Ohio St.3d 358, 819 N.E.2d 1047, 2004-Ohio-6548, the Ohio Supreme found that "pretrial electronic home monitoring was not intended to be a form of detention under R.C. 2921.01(E)." Id. at paragraph 72.
 {¶ 11} Appellant, like the appellants in Bates, supra, andStuder, supra, was placed on electronically monitored house arrest as a condition of bond. Appellant was free on bond and such constraint was incidental to his release on bail. R.C.2929.01(E). Because appellant's house arrest does not constitute confinement, appellant was not entitled to jail time credit for the time served on the house arrest. As noted by this Court inStuder, "[d]uring such time, appellant had liberties that the [sic] would not have had had he been placed in jail rather than on house arrest." Id.
 {¶ 12} Based on the foregoing, we find that the trial court did not err in overruling appellant's motion for jail time credit.
 {¶ 13} Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.
Edwards, J. Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.