OPINION *Page 2 
{¶ 1} Nitaleen Gould, a delinquent child, appeals her conviction and sentence in the Ashland County Court of Common Pleas, Juvenile Division. The State of Ohio is the appellee.
 STATEMENT OF THE CASE {¶ 2} On March 11, 2005, Nitaleen Gould was adjudicated a delinquent child by reason of committing gross sexual imposition, a third degree felony if committed by an adult, in violation of R.C. 2907.05. On March 24, 2005, the trial court conducted a disposition hearing and placed Gould on community control.
 {¶ 3} On June 12, 2006, Gould admitted to violating the terms of her community control, and the trial court restored her to probation. She was placed on electronically-monitored house arrest for the initial period of her probation.
 {¶ 4} On June 28, 2006, Gould cut off and removed the ankle bracelet portion of her electronic-monitoring device. She then left her home without the permission of her parents, the probation department or the trial court.
 {¶ 5} On August 25, 2006, Gould was charged with delinquency by reason of committing escape, a third degree felony if committed by an adult, in violation or R.C. 2921.034.
 {¶ 6} On January 3, 2007, Gould entered a plea of no contest to the escape charge, stipulating to the facts alleged in the complaint.
 {¶ 7} The magistrate found Gould to be delinquent for the offense of escape as alleged. At the disposition hearing, Gould was committed to the Ohio *Page 3 
Department of Youth Services for a minimum period of six months to a maximum period of her twenty-first birthday.
 {¶ 8} In the interim, on October 6, 2006, Gould was charged with delinquency by reason of committing unauthorized use of a motor vehicle based upon the events surrounding her alleged escape on June 28, 2006. Gould admitted to this new charge on January 3, 2007. She was committed to the ODYS on that charge in addition to the escape charge and the trial court ordered the commitments to be served concurrently.
 {¶ 9} On April 23, 2007, the magistrate issued findings of fact and conclusions of law. On May 7, 2007, Gould filed objections to the magistrate's decision. On July 2, 2007, via Judgment Entry, the trial court denied the objections.
 {¶ 10} Gould now appeals, assigning as error:
 {¶ 11} "I. THE JUVENILE COURT VIOLATED NITALEEN GOULD'S RIGHT TO DUE PROCESS WHEN IT ADJUDICATED HER DELINQUENT OF ESCAPE ABSENT PROOF OF EVERY ELEMENT OF THE CHARGE AGAINST HER BY SUFFICIENT, COMPETENT, AND CREDIBLE EVIDENCE. FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, SECTION 16, ARTICLE I, SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION, R.C. 2921.34, AND JUV. R. 29(E)(4).
 {¶ 12} "II. THE JUVENILE COURT ABUSED ITS DISCRETION WHEN IT ORDERED NITALEEN'S COMMITMENTS TO BE IMPOSED ON JANUARY 3, 2007, RATHER THAN ON OCTOBER 26, 2006, IN VIOLATION OF R.C. 2152.01." *Page 4 
 I. {¶ 13} In the first assignment of error, Gould argues the trial court violated her due process rights in adjudicating her delinquent by reason of escape absent proof of every element of the offense charged.
 {¶ 14} To support a claim of insufficiency, an appellant must show there is a failure of proof on at least one element of the offense.State v. Thompkins (1997), 78 Ohio St.3d 380. If the sufficiency of the evidence claim is sustained, the conviction must be vacated. Jackson v.Virginia (1979), 443 U.S. 307; Thompkins, at 386. A juvenile delinquency adjudication based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31.
 {¶ 15} R.C. 2921.34(A)(1) defines the offense of escape as:
 {¶ 16} "(A)(1) No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement."
 {¶ 17} Appellant argues her conviction for escape, based on the allegations contained in the complaint, is a legal impossibility. Appellant maintains electronic home monitoring is not a form of detention pursuant to R.C. 2921.01 (E).
 {¶ 18} The current version of the statute defines detention as:
 {¶ 19} (E) "Detention" means arrest; confinement in any vehicle subsequent to an arrest; confinement in any public or private facility for custody of persons charged with or convicted of crime in this state or another state or under the *Page 5 
laws of the United States or alleged or found to be a delinquent child or unruly child in this state or another state or under the laws of the United States; hospitalization, institutionalization, or confinement in any public or private facility that is ordered pursuant to or under the authority of section 2945.37, 2945.371, 2945.38, 2945.39, 2945.40,2945.401, or 2945.402 of the Revised Code; confinement in any vehicle for transportation to or from any facility of any of those natures; detention for extradition or deportation; except as provided in this division, supervision by any employee of any facility of any of those natures that is incidental to hospitalization, institutionalization, or confinement in the facility but that occurs outside the facility; supervision by an employee of the department of rehabilitation and correction of a person on any type of release from a state correctional institution; or confinement in any vehicle, airplane, or place while being returned from outside of this state into this state by a private person or entity pursuant to a contract entered into under division (E) of section 311.29 of the Revised Code or division (B) of section 5149.03
of the Revised Code. For a person confined in a county jail who participates in a county jail industry program pursuant to section5147.30 of the Revised Code, "detention" includes time spent at an assigned work site and going to and from the work site."
 {¶ 20} In 1996, pursuant to House Bill 1996 H 154, the State legislature rewrote division (E) and deleted division (J) of the statute. Prior to the amendment, division (E) and former division (J) read, respectively:
 {¶ 21} "(E) `Detention' means arrest; confinement in any vehicle subsequent to an arrest; confinement in any facility for custody of persons charged with or convicted of crime or alleged or found to be a delinquent child or unruly child; *Page 6 
hospitalization, institutionalization, or confinement in any facility that is ordered pursuant to or under the authority of section 2945.37,2945.371, 2945.38, 2945.39, or 2945.40 of the Revised Code; confinement in any vehicle for transportation to or from any such facility; detention for extradition or deportation; except as provided in this division, supervision by any employee of any such facility that is incidental to hospitalization, institutionalization, or confinement in the facility but that occurs outside the facility; or supervision by an employee of the department of rehabilitation and correction of a person on any type of release from a state correctional institution other than release on parole or shock probation. For a person confined in a county jail who participates in a county jail industry program pursuant to section 5147.30 of the Revised Code, `detention' includes time spent at an assigned work site and going to and from the work site. Detention does not include supervision of probation or parole. Detention does not include constraint incidental to release on bail unless the constraint incidental to release on bail consists of a period of confinement of the person in question in the person's home or in other premises specified by the court and unless, during the period of confinement, all of the following apply:
 {¶ 22} "(1) The person is required to remain in the person's home or in the other premises for the period of the confinement, except for periods of time during which the person is at the person's place of employment or at other premises as authorized by the court;
 {¶ 23} "(2) One of the following applies:
 {¶ 24} "(a) The person is subject to monitoring by an electronic monitoring device, as defined in section 2929.23 of the Revised Code; *Page 7 
 {¶ 25} "(b) The person is required by the court to report periodically to a person designated by the court;
 {¶ 26} "(c) The person is subject to monitoring by an electronic monitoring device and is required to report periodically to a person designated by the court;
 {¶ 27} "(3) The person is subject to any other restrictions and requirements imposed by the court."
 {¶ 28} "(J) `Electronic monitoring device' has the same meaning as in section 2929.23 of the Revised Code."
 {¶ 29} Prior to the 1996 amendment, Senate Bill 1995 S 2 rewrote division (E); added division (J); and made other changes to reflect gender neutral language. Prior to the 1995 amendment, division (E) read:
 {¶ 30} "(E) `Detention' means arrest; confinement in any vehicle subsequent to an arrest; confinement in any facility for custody of persons charged with or convicted of crime or alleged or found to be a delinquent child or unruly child; hospitalization, institutionalization, or confinement in any facility that is ordered pursuant to or under the authority of section 2945.37, 2945.371, 2945.38, 2945.39, or 2945.40 of the Revised Code; confinement in any vehicle for transportation to or from any such facility; detention for extradition or deportation; except as provided in this division, supervision by any employee of any such facility that is incidental to hospitalization, institutionalization, or confinement in the facility but that occurs outside the facility; or supervision by an employee of the department of rehabilitation and correction of a person on any type of release from a state correctional institution other than release on parole or shock probation. For a person confined in a county *Page 8 
jail who participates in a county jail industry program pursuant to section 5147.30 of the Revised Code, `detention' includes time spent at an assigned work site and going to and from the work site. Detention does not include supervision of probation or parole, or constraint incidental to release on bail."
 {¶ 31} The 1974 Committee Comment to the statute, reads, in part:
 {¶ 32} "`Detention' includes arrest, which may be with or without confinement. It also includes confinement in a lock-up, jail, workhouse, juvenile detention facility, Ohio Youth Commission facility, or penal or reformatory institution. Detention also includes detention pending extradition or deportation. The definition expressly excludes the supervision and restraint incidental to probation, parole, and release on bail."
 {¶ 33} "`Detention facility' is broadly defined to include any temporary or permanent lock-up, jail, workhouse, or juvenile or adult penal or reformatory facility."
 {¶ 34} In support of her argument, Gould cites this Court's opinion inState v. Dye, Richland App. No. 2006-CA-8, 2006-Ohio-5713, which held:
 {¶ 35} "Appellant, in his sole assignment of error, argues that the trial court erred in denying his motion for jail time credit for time served on electronically monitored house arrest. We disagree.
 {¶ 36} "In order for appellant to receive credit towards his prison sentence, the period of house arrest must be considered confinement within the meaning of R.C. 2967.191. State v. Faulkner (1995),102 Ohio App.3d 602, 657 N.E.2d 602. In State v. Studer (March 5, 2001), Stark App. No. 2000CA00180, this Court found electronically monitored house arrest was not confinement under R.C. 2967.191. *Page 9 
Specifically, this Court held as follows: "The term `confinement,' while not defined, is set forth in R.C. 2921.01(E), which defines `detention' as `arrest; confinement in any vehicle subsequent to an arrest; confinement in any facility for custody of persons charged with or convicted of crime or alleged or found to be delinquent or unruly. . . . Detention does not include supervision of probation or parole, or constraint incidental to release on bail." Studer, supra at 2. See alsoState v. Bates, Guernsey App. No. 04CA11, 2004-Ohio-6856 and State v.Krouskoupf, Muskingum App. No. No. CT2005-0024, 2006-Ohio-783. Furthermore, in State v. Gapen, 104 Ohio St.3d 358, 819 N.E.2d 1047,2004-Ohio-6548, the Ohio Supreme found that "pretrial electronic home monitoring was not intended to be a form of detention under R.C. 2921.01(E)." Id. at paragraph 72.
 {¶ 37} "Appellant, like the appellants in Bates, supra, andStuder, supra, was placed on electronically monitored house arrest as a condition of bond. Appellant was free on bond and such constraint was incidental to his release on bail. R.C. 2929.01(E). Because appellant's house arrest does not constitute confinement, appellant was not entitled to jail time credit for the time served on the house arrest. As noted by this Court in Studer, `[d]uring such time, appellant had liberties that the [sic] would not have had had he been placed in jail rather than on house arrest.' Id.
 {¶ 38} Similarly Appellant cites the First District Court of Appeals decision in State v. Anderson, 2006-Ohio-4602, holding:
 {¶ 39} "Post-trial electronic monitoring is not a form of detention. R.C. 2921.01(E) contains a lengthy definition of "detention." The annotations to this provision provide that the definition of detention "expressly excludes the supervision *Page 10 
and restraint incidental to probation, parole, and release on bail." Electronic monitoring is a form of supervision and restraint while on community control. As such, it is not detention.
 {¶ 40} FN11. R.C. 2929.01(PP) provides that "detention and detention facility have the same meanings as in section 2921.01 of the Revised Code."
 {¶ 41} FN12. 1974 Committee Comment to H.B. No. 511 (found in annotations to R.C. 2921.01).
 {¶ 42} FN13. See State v. Faulkner (1995), 102 Ohio App.3d 602, 604,657 N.E.2d 602; State v. Krouskoupf, 5th Dist. No. CT2005-0024,2006-Ohio-783, ¶ 11."
 {¶ 43} Upon review of both this Court's opinion in Dye, supra, and the First District's opinion in Anderson, supra, both opinions are based upon language in the statute which was deleted by the 1996 amendments to the statute. The First District in Anderson relies on the 1974 Committee Comment to the statute, which refers to language in the original version of the statute expressly excluding the supervision and restraint incidental to probation, parole, and release on bail. However, on review of the 1995 and 1996 amendments to the statute set forth above, the amendments remove the language from the statute which is referred to in the Committee Comment and relied on in both Dye and Anderson.
Accordingly, both Dye and Anderson are based on language in the statute which is no longer contained in the current version of the statute. Furthermore, Dye is distinguishable in that it involved pre-trial, not post-trial electronic house monitoring. *Page 11 
 {¶ 44} The current version of the statute does not exclude supervision and restraint incidental to probation, parole and release on bail in the definition of detention. In this case, Appellant was confined to electronically-monitored house arrest in her grandmother's private home after having been adjudicated delinquent for the charge of gross sexual imposition.
 {¶ 45} Based upon the above and the facts set forth in the complaint, the State has proven the essential elements of the charge of escape. Accordingly, Gould's adjudication as delinquent of escape is not against the sufficiency of the evidence, as there is not a failure of proof on an essential element of the offense.
 {¶ 46} Appellant's first assignment of error is overruled.
 II. {¶ 47} In the second assignment of error Gould argues the trial court abused its discretion in ordering her commitments to be imposed on January 3, 2007, rather than on October 26, 2006, in violation of R.C.2152.01.
 {¶ 48} The statute provides:
 {¶ 49} "(A) The overriding purposes for dispositions under this chapter are to provide for the care, protection, and mental and physical development of children subject to this chapter, protect the public interest and safety, hold the offender accountable for the offender's actions, restore the victim, and rehabilitate the offender. These purposes shall be achieved by a system of graduated sanctions and services."
 {¶ 50} On July 19, 2006, Gould admitted to absconding from probation. As a result, the trial court found her to be in violation of the terms of her probation, *Page 12 
and committed her to DYS on a previously suspended commitment. On January 3, 2007, she also stipulated to the unauthorized use of a motor vehicle. As addressed in the first assignment of error, she was adjudicated delinquent on the charge of escape relative to the same incident. Pursuant to her original adjudication for gross sexual imposition, Appellant was committed to ODYS until January 3, 2007. Her commitment for the unauthorized use of a motor vehicle and escape commenced on January 3, 2007. The trial court did not abuse its discretion in ordering her new sentence to begin on January 3, 2007.
 {¶ 51} Appellant's second assignment of error is overruled.
 Hoffman, P.J., Farmer, J. and Delaney, J. concur *Page 13 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, Appellant Nitaleen Gould's adjudication of adjudication of delinquent by reason of committing escape in the Licking County Court of Common Pleas, Juvenile Division, is affirmed. Costs to Appellant. *Page 1