DECISION AND JUDGMENT
{¶ 1} Appellant, Jamal Holmes, appeals a judgment entered by the Lucas County Court of Common Pleas denying his "Motion for Jail Time Credit" in the above-captioned case. For the reasons that follow, we reverse the judgment of the trial court.
 {¶ 2} On October 10, 2003, appellant was found guilty of one count of possession of crack cocaine, in violation of R.C. 2925.11(A) and (C)(4)(b), a felony of the fourth
degree. He was sentenced to community control and, as part of that sentence, was placed on electronically monitored house arrest for a period of 30 days. Appellant completed the 30 days on house arrest without violation. *Page 2 
 {¶ 3} Thereafter, on February 20, 2004, appellant was found to be in violation of the terms of his community control. As a result of this violation, he was sentenced to serve 16 months in prison, with credit allowed for 12 days that appellant was held in the county jail.
 {¶ 4} On August 3, 2004, the trial court granted appellant judicial release and modified his sentence to include three years of community control. As part of that sentence, appellant was ordered to be placed in electronic monitoring for an additional period of 60 days. Again, appellant successfully completed the electronic monitoring portion of his sentence.
 {¶ 5} On April 10, 2005, appellant was arrested pursuant to a capias warrant. He was subsequently released to OR bond and was placed on electronic monitoring. On April 25, 2005, the electronic monitoring portion of appellant's OR bond was revoked due to an indictment in a separate case for nonsupport of dependents. Appellant was eventually convicted in that case.
 {¶ 6} Because the conviction for nonsupport constituted a community control violation, on August 4, 2005, the trial court in the instant case revoked appellant's community control and ordered appellant returned to prison. At that time, the trial court allowed credit for 185 days that appellant had spent in jail, including the initial 12 days *Page 3 
granted in February 2004, 172 days that were served prior to appellant's early release in August 2004, and 13 days that were served pending his hearing in April 2005.
 {¶ 7} On May 18, 2006, appellant was once again granted early release. But on November 20, 2007, appellant's community control was again revoked as a result of a community control violation. The trial court imposed its original sentence, less 202 days jail time credit. The number of days credited is consistent with the earlier 185 days, plus an additional 17 days during which appellant was held in custody pending the latest violation hearing.
 {¶ 8} Appellant filed a motion seeking credit for the 90 days time that he spent on electronic monitoring as part of his community control sentence. The court denied this motion, and appellant, pro se, timely appealed, raising the following as his sole assignment of error:
 {¶ 9} "THE TRIAL COURT [ERRED] WHEN IT DENIED THE APPELLANT JAIL TIME CREDIT FOR DAYS SUCCESSFULLY COMPLETED ON ELECTRONICALLY MONITORED HOUSE ARREST AS PART OF ITS IMPOSITION OF COMMUNITY CONTROL WHEN A SUBSEQUENT PRISON TERM WAS IMPOSED BY THE COURT FOR A COMMUNITY CONTROL VIOLATION."
 {¶ 10} R.C. 2949.08(C)(1) relevantly provides:
 {¶ 11} "If [a] person is sentenced to jail for a felony or a misdemeanor, the jailer in charge of a jail shall reduce the sentence of a person delivered into the jailer's custody *Page 4 
* * * by the total number of days the person was confined for any reason arising out of the offense for which the person was convicted and sentenced * * *."
 {¶ 12} The issue in the instant case is whether appellant, while on electronically monitored house arrest in connection with his community control, was "confined" within the meaning of R.C. 2949.08(C)(1) and, thus, eligible for credit for time so served. The term "confinement" as used in R.C. 2949.08(C)(1) has been deemed synonymous with the term "detention" as defined in R.C. 2921.01(E). See State v. Sutton, 6th Dist. No. L-03-1104, 2004-Ohio-2679, ¶ 13.
 {¶ 13} The current version of the statute defines detention as:
 {¶ 14} "(E) `Detention' means arrest; confinement in any vehicle subsequent to an arrest; confinement in any public or private facility for custody of persons charged with or convicted of crime in this state or another state or under the laws of the United States or alleged or found to be a delinquent child or unruly child in this state or another state or under the laws of the United States; hospitalization, institutionalization, or confinement in any public or private facility that is ordered pursuant to or under the authority of section 2945.37,2945.371, 2945.38, 2945.39, 2945.40, 2945.401, or 2945.402 of the Revised Code; confinement in any vehicle for transportation to or from any facility of any of those natures; detention for extradition or deportation; except as provided in this division, supervision by any employee of any facility of any of those natures that is incidental to hospitalization, institutionalization, or confinement in the facility but that occurs outside the facility; supervision by an employee of the department of rehabilitation *Page 5 
and correction of a person on any type of release from a state correctional institution; or confinement in any vehicle, airplane, or place while being returned from outside of this state into this state by a private person or entity pursuant to a contract entered into under division (E) of section 311.29 of the Revised Code or division (B) of section 5149.03 of the Revised Code. For a person confined in a county jail who participates in a county jail industry program pursuant to section 5147.30 of the Revised Code, `detention' includes time spent at an assigned work site and going to and from the work site." (Emphasis added.)
 {¶ 15} Although, as the state points out, prior versions of the statute specifically excluded from the definition of detention supervision and restraint incidental to probation, parole and release on bail, the current version clearly does not. See R.C. 2921.01(E); In reNitaleen Gould, 5th Dist. No. 07-CA-0099, 2008-Ohio-900, ¶ 44.
 {¶ 16} In Gould, supra, the case involved a minor defendant who had been adjudicated delinquent for the charge of gross sexual imposition. The defendant was placed on community control, and when she violated the terms of that sentence, she was restored to probation. As part of her probation, she was placed on electronically-monitored house arrest. At some point during this portion of her sentence, the defendant cut off the ankle bracelet portion of her electronic monitoring device and left home without permission. As a result of her actions, she was charged with delinquency by reason of committing escape, in violation of R.C. 2921.034. *Page 6 
 {¶ 17} The question for the court in Gould was whether the defendant's electronic home monitoring constituted a form of detention pursuant to R.C. 2921.01(E), so as to support her conviction for the charge of escape. The court, relying solely on the current version of the statute — which, unlike the previous versions, makes no exclusion for supervision and restraint incidental to probation, parole and release on bail — determined that it was. On the basis of that determination, the court concluded that the defendant's adjudication for the charge of escape was not against the sufficiency of the evidence.
 {¶ 18} We agree with the court's analysis in Gould, and find that it applies equally in cases where electronic monitoring is imposed pursuant to community control.[1]
 {¶ 19} Taking the analysis a step further, we find that the interests of justice require that where an individual can be prosecuted for escape from electronic monitoring imposed pursuant to community control or probation, that individual should be entitled to credit for time served in that way. Stated otherwise, if electronic monitoring is "detention" for prosecuting the crime of escape, it should likewise be "detention" for time-crediting purposes. Cf. Sutton, supra, at ¶ 16 (holding that if pre-trial monitoring is not detention for crediting purposes, it is not detention for prosecuting the crime of escape). *Page 7 
 {¶ 20} Based upon all of the foregoing, we find that appellant should have been credited with his time served on electronic monitoring in this case. Accordingly, appellant's sole assignment of error is found well-taken.
 {¶ 21} The judgment of the Lucas County Court of Common Pleas is reversed, and this matter is remanded to the trial court for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR.
[1] While this court is aware of other recently decided caselaw stating that electronically monitored house arrest is not detention within the meaning of R.C. 2921.01(E), we decline to follow those decisions, as they are all based upon language that was deleted from the statute (or upon other caselaw interpreting the deleted language), and not upon the language of the statute as it reads today. See State v.Dye, 5th Dist. No. 2006-CA-8, 2006-Ohio-5713; State v. Anderson, 1st Dist. Nos. C-050785, C-050786, 2006-Ohio-4602; State v. Krouskoupf, 5th Dist. No. CT2005-0024, 2006-Ohio-783. *Page 1