[Cite as *State v. Osborne*, 2011-Ohio-2363.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 11 CA 14 |
| JACK OSBORNE | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
Pleas, Case No.  07 CR 931D


JUDGMENT:                                      Affirmed


DATE OF JUDGMENT ENTRY:        May 17, 2011


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JAMES J. MAYER, JR.                  JACK OSBORNE
PROSECUTING ATTORNEY            PRO SE
JILL M. COCHRAN                         N.C.C.T.F.
ASSISTANT PROSECUTOR             2000 South Avon-Belden Road
18 South Park Street                     Grafton, Ohio  44044
Mansfield, Ohio  44902

*Wise, J.*

{¶1} Defendant-Appellant, Jack Osborne, appeals the January 4, 2011, judgment of the Richland County Court of Common Pleas denying his motion for jail time credit for time served on Electronically Monitored Home Detention.

{¶2} Appellee is the State of Ohio.

{¶3} This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

{¶4} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."

{¶5} This appeal shall be considered in accordance with the aforementioned rule.

## STATEMENT OF THE FACTS AND CASE

{¶6} The trial court initially sentenced Appellant to a $10,000.00 fine, a three-year license suspension, thirty months in prison, suspended, and four years community control sanctions with the condition that Appellant complete a six-month residential treatment program, the DUI court program, pay child support, and submit to random drug testing.

{¶7} On November 15, 2007, Appellant was again arrested in Richland County for OMVI, as well as for violating his community control. On December 17, 2007, the trial court sentenced Appellant to fifteen months in the Lorain Correctional Institution for

his community control violation.  On July 2, 2008, the trial court sentenced Appellant on case number 07-CR-093 to three years in prison, to be served consecutively to  his community control violation sentence in case number 05-CR-0468.  Appellant was fined $1,500.00 and a three-year license suspension was imposed.  The State agreed to judicial release after Appellant entered DUI Court subsequent to serving six months of his prison sentence.

{¶8}   On March 17, 2010, after Appellant had been in prison for twenty-seven months, the trial court granted judicial release and required Appellant to complete a residential treatment program at Licking-Muskingum Community Correction Center (LMCCC).

{¶9}   On April 22, 2010, Appellant was unsuccessfully discharged from LMCCC, having violated program rules regarding being dishonest to staff and having a detrimental attitude to the program and to others.  Appellant was then transported to Richland County Jail.

{¶10} Appellant was arraigned on community control violations and was placed on an electronic monitoring device and house arrest on May 13, 2010.

{¶11} On May 26, 2010, the trial court held a community control violation hearing and Appellant admitted that he was terminated from the LMCCC program; however, he argued that he was not given a chance to finish the program.

{¶12} Appellant subpoenaed five witnesses during the mitigation portion of the proceedings in order to testify as to his participation in the program; however, the court permitted him to call two witnesses to testify.  The State did not call any witnesses to testify.

{¶13} The trial court sentenced Appellant to serve the remainder of his three-year sentence on case number 07-CR-093

{¶14} On June 1, 2010, Appellant was transported to the Ohio Department of Rehabilitation and Correction, where he was given 29 days of jail time credit.

{¶15} On November 2, 2010, Appellant filed a motion for jail time credit for the time he served in Licking-Muskingum Community Correction Center (LMCCC) and also for time served on Electronically Monitored Home Detention (EMHD).

{¶16} By Judgment Entry filed November 29, 2010, the trial court granted Appellant 34 days jail time credit for the time spent at LMCCC and I day for time spent at the Richland County jail, for a total of 35 days jail time credit.  The trial court did not grant any credit for days spent on EMHD as a condition of his bond.

{¶17} Appellant now appeals the decision of the trial court, raising the following sole Assignment of Error:

{¶18} "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN FAILING TO GIVE THE DEFENDANT-APPELLANT JAIL TIME CREDIT, AGAINST THE IMPOSED PRISON SENTENCE, FOR TIME CONFINED ON ELECTRONIC MONITORED HOUSE ARREST, WHILE ON COMMUNITY CONTROL.  THIS DENIED HIS DUE PROCESS RIGHTS IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION AND ARTICLE 1, SECTION 10 & 16 OF THE CONSTITUTION OF THE STATE OF OHIO, AND CONTRARY TO OHIO REVISED CODE SECTION 2967.1919 AND SECTION 2949.08(D)."

I.

{¶19} In his sole assignment of error, Appellant argues that he was denied due process because he was not given jail time credit for time served on electronically monitored home detention. We disagree.

{¶20} In *State v. Dye*, Richland App.No. 2006-CA-8, 2006-Ohio-5713, this Court held:

{¶21} "In order for appellant to receive credit towards his prison sentence, the period of house arrest must be considered confinement within the meaning of R.C. §2967.191. *State v. Faulkner* (1995), 102 Ohio App.3d 602, 657 N.E.2d 602. In *State v. Studer* (March 5, 2001), Stark App.No. 2000CA00180, this Court found electronically monitored house arrest was not confinement under R.C. §2967.191. Specifically, this Court held as follows: "The term 'confinement,' while not defined, is set forth in R.C. §2921.01(E), which defines 'detention' as 'arrest; confinement in any vehicle subsequent to an arrest; confinement in any facility for custody of persons charged with or convicted of a crime or alleged or found to be delinquent or unruly.... Detention does not include supervision of probation or parole, or constraint incidental to release on bail." *Studer,* supra at 2. See also *State v. Bates,* Guernsey App. No. 04CA11, 2004-Ohio-6856 and *State v. Krouskoupf,* Muskingum App.No. CT2005-0024, 2006-Ohio-783. Furthermore, in *State v. Gapen,* 104 Ohio St.3d 358, 819 N.E.2d 1047, 2004-Ohio-6548, the Ohio Supreme found that "pretrial electronic home monitoring was not intended to be a form of detention under R.C. 2921.01(E)." *Id.* at paragraph 72."

{¶22} In *Gapen*, the Ohio Supreme Court reviewed and analyzed the statutory history of pretrial electronic home monitoring and detention, stating:

{¶23} "First, the statutory history of R.C. 2921.01(E) indicates that the General Assembly did not intend to include pretrial electronic home monitoring in the definition of detention. For example, a former version of R.C. 2921.01(E), effective on July 1, 1996, specifically defined pretrial electronic home monitoring as a form of detention. See Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136, 7335. However, R.C. 2921.01(E) was amended, effective October 4, 1996, and the General Assembly deleted the reference to electronic home monitoring from the definition of detention. See Sub.H.B. No. 154, 146 Ohio Laws, Part II, 2213, 2214.

{¶24} "Second, electronic home monitoring was separately defined in Ohio's sentencing statute. Former R.C. 2929.23, Am.Sub.H.B. No. 22, 148 Ohio Laws, Part IV, 8353, 8383-8384, in effect on the day of the murders, see Am.Sub.H.B. No. 490, stated, " 'Electronically monitored house arrest' means a period of confinement of an eligible offender in the eligible offender's home or in other premises specified by the sentencing court * * *." R.C. 2929.23(A)(4). An "[e]ligible offender" was defined as a "person who has been convicted of or pleaded *guilty to any offense*" excluding exceptions not applicable here. (Emphasis added.) R.C. 2929.23(A)(3). Thus, "[f]ormer R.C. 2929.23 focused on those serving terms of incarceration and did not apply to those on electronic monitoring as a condition of bail under Crim.R. 46." See *State v. Sutton*, Lucas App. No. L-03-1104, 2004-Ohio-2679, 2004 WL 1171149, ¶ 10.

{¶25} "Third, Ohio courts of appeals have generally held that persons under pretrial electronic home monitoring are not entitled to credit for time served, because pretrial electronic home monitoring is a "constraint in lieu of bail pursuant to R.C. 2967.191" and is not detention under R.C. 2921.01(E). See *State v. Faulkner* (1995)

102 Ohio App.3d 602, 604, 657 N.E.2d 602; *State v. Studer* (Mar. 5, 2001), Stark App. No. 2000CA00180, 2001 WL 246416, * 2; *Bailey v. Chance* (Sept. 18, 1998), Mahoning App. No. 98 CA 169, 1998 WL 666965, * 3; *State v. Setting* (Mar. 20, 1996), Wayne App. No. 95CA0057, 1996 WL 122094, * 3. Similarly, Ohio courts of appeals have held that persons under pretrial electronic home monitoring are not entitled to credit for speedy-trial purposes because pretrial electronic home monitoring does not constitute detention. *State v. Truesdale* (Dec. 15, 1995), Montgomery App. No. 15174, 1995 WL 738418, * 2; *State v. Brownlow* (1991), 75 Ohio App.3d 88, 92, 598 N.E.2d 888."

**{¶26}** In the instant case, Appellant, like the appellants in *Bates,* supra, and *Studer,* supra, was placed on electronically monitored house arrest as a condition of bond. Appellant was free on bond and such constraint was incidental to his release on bail. R.C. §2929.01(E). We therefore find that Appellant's house arrest does not constitute confinement and therefore Appellant is not entitled to jail time credit for the time served on the house arrest. As noted by this Court in *Studer,* "[d]uring such time, appellant had liberties that the [sic] would not have had had he been placed in jail rather than on house arrest." *Id.*

**{¶27}** Appellant argues that subsequent to the ruling in *Dye*, supra, this Court in *In Re Gould*, Licking App.No. 07-CA-099, 2008-Ohio-900 and *State v. Holmes*, Lucas App. L-08-1127, 2008-Ohio-6804 has found that EMHD constitutes detention.

**{¶28}** Upon review, we find both *Gould* and *Holmes* to be distinguishable. The *Gould* case is distinguishable in that it involved post-trial, not pre-trial, electronic house monitoring and dealt with whether the defendant could be charged with escape for

violating her EMHD after removing her ankle bracelet component of the monitoring device.

**{¶29}** We further find that the *Holmes* case, supra, is likewise distinguishable. In *Holmes*, the defendant spent 30 days on EMHD as a condition of his probation and 60 more days of EMHD after he violated his probation. While this Court found that the defendant was entitled to jail time credit for the time he spent on EMHD as a condition of his probation, this Court found that he was not entitled to credit for the time the defendant was on EMHD as a condition of bail while his probation violation was pending.

**{¶30}** Based on the foregoing, we find that the trial court did not err in overruling Appellant's motion for jail time credit.

**{¶31}** Appellant's sole assignment of error is overruled.

**{¶32}** For the foregoing reason, the judgment of the Court of Common Pleas, Richland County, Ohio, is affirmed.

By: Wise, P. J.

Hoffman, J., and

Farmer, J., concur.

_____

_____

_____

         JUDGES

JWW/d 0510

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee                 :
                                       :
-vs-                                   :               JUDGMENT ENTRY
                                       :
JACK OSBORNE                           :
                                       :
    Defendant-Appellant                :               Case No. 11 CA 14


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.

Costs assessed to Appellant.


_____

_____

_____
                                       JUDGES