The STATE of Ohio, Appellee,

v.

LAMIS, Appellant.

[Cite as *State v. Lamis* (2000), 139 Ohio App.3d 617.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 77271.

Decided Oct. 16, 2000.

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *Sherry F. McCreary,* Assistant Prosecuting Attorney, for appellee.

*James A. Draper,* Cuyahoga County Public Defender, and *Robert M. Ingersoll,* Assistant Public Defender, for appellant.

JOHN T. PATTON, Presiding Judge.

Defendant Daniel G. Lamis pleaded guilty to driving under the influence, a fourth degree felony because he had three previous DUI convictions. The court issued the following sentencing entry:

"The Court finds that a community control sanction will adequately protect the public and will not demean the seriousness of the offense. It is therefore ordered that the defendant is sentenced to 4 years of community control, under the supervision of the Ohio Adult Probation Department. Community control sanc-

tions are as follows: pay court costs in cash or by court community work service by end of probation at rate of $50.00 per month once released from jail; attend Alcoholics Anonymous 3 times per week; have home group and Alcoholics Anonymous sponsor; serve six months in Cuyahoga County jail, credit for time serves [*sic*] Cuyahoga County jail since July 22, 1999, thereafter to be on electronic home detention until urine free [*sic*]; and show attendance at 3 Alcoholics Anonymous meetings per week over 2 years.

"Violation of the terms and conditions may result in more restrictive sanctions, a prison term of 1 year or extensions, as provided by law."

Defendant complains that his sentence is invalid in two respects. First, he claims that the sentence contains both a term of imprisonment in excess of the sixty-day period of local incarceration and a term of home electronic monitoring. Second, that the total sentence imposed can exceed the maximum permissible limitation provided by statute.

## A

Defendant first argues that a term of electronically monitored house arrest, imposed in addition to the mandatory period of local incarceration required for a fourth degree felony, is not provided for by R.C. 4511.99(A). He says that to permit otherwise would be to sanction stacking a house arrest on top of a jail term when the statute makes no provision for such stacking.

We reject defendant's argument that sentence in this case must be imposed solely pursuant to R.C. 4511.99. R.C. 4511.99(A)(4)(a) clearly states that "the court shall sentence the offender in accordance with sections 2929.11 to 2929.19 of the Revised Code." When an offender like the defendant here is charged with a fourth DUI in six years, the offense becomes a felony of the fourth degree and the sentence imposed depends on whether the offender has not previously been convicted of a felony DUI, R.C. 2929.13(G)(1), or has previously been convicted of a felony DUI offense, R.C. 2929.13(G)(2). See R.C. 4511.99(A)(4)(a); *State v. Mayer* (1999), Cuyahoga App. No. 75639, unreported, 1999 WL 652033. Because defendant had not been previously convicted of a felony DUI offense, sentence must be imposed pursuant to R.C. 2929.13(G)(1). That section requires the court to impose upon the offender a mandatory term of local incarceration of sixty days in a specified facility.

In addition to the mandatory term of local incarceration, R.C. 2929.13(A)(1) states that when sentence is imposed pursuant to R.C. 2929.13(G)(1), an additional community-controlled sanction or combination of community-controlled sanctions may be imposed pursuant to either R.C. 2929.16 or 2929.17. R.C. 2929.17 deals with nonresidential sanctions and says that a court imposing a sentence for

a fourth-degree OMVI offense upon an offender required to serve a mandatory term of local incarceration under division (G)(1) of 2929.13, may also impose upon the offender nonresidential sanctions, among which is a term of electronically monitored house arrest. See R.C. 2929.17(B).

The imposition of both a term of local incarceration and subsequent nonresidential sanctions like electronically monitored house arrest is valid under the sentencing statutes. Because electronically monitored house arrest is a nonresidential sanction, it falls under the umbrella of community-controlled sanctions and is not a part of the sentence. See *State v. Salter* (July 27, 2000), Cuyahoga App. No. 76598, unreported, 2000 WL 1038178. It is not a stacking of sentences.

**B**

■ Defendant's second argument concerns his required urine testing and attendance at Alcoholics Anonymous meetings for two years as a condition of community-controlled sanctions. He claims that were he to violate these terms, the court's sentencing order could be interpreted as forcing him to start the two-year period anew, thus conceivably stretching the amount of time that he would be under such sanctions beyond the five-year maximum.

When an offender is convicted of a fourth-degree OMVI offense, the court may impose community-controlled sanctions upon the offender as long as those sanctions do not exceed five years. See R.C. 2929.15(A)(1). If the offender violates the terms of a community-controlled sanction, the sentencing court may impose a longer time under the same sanction as long as the total time under the sanctions does not exceed the five-year limit. See R.C. 2929.15(B).

The court's sentencing entry imposed urine testing and attendance at Alcoholic Anonymous meetings for two years, up to a maximum of four years. We read the entry to say that if defendant complies with these urine testing and Alcoholic Anonymous meetings for two years, those sanctions will end. If defendant does not successfully pass urine testing and attendance at Alcoholic Anonymous meetings, he will be required to follow through for a maximum of four years.

■ Defendant next argues that the court's sentencing entry warning that failure to abide by the terms of the community-controlled sanctions may result in a prison term of one year is illegal because it might potentially increase the length of his sentence for a community-controlled sanction violation beyond that permitted for the underlying DUI offense—in effect ordering him to serve a total of eighteen months (the six-month initial sentence and twelve months for the community-controlled sanction violation) when the maximum is only twelve months.

We agree with the state that nothing in the court's sentencing order suggests that a violation of the terms of the community-controlled sanctions would result in the imposition of an additional year on top of the six months previously served. Fairly read, the sentencing order states that a violation of the terms of the community-controlled sanctions might result in the imposition of the maximum one-year term allowed by law, not an additional year on top of six months previously served.

In any event, we view this argument as purely speculative, for we are unaware of any violation of the terms of the community-controlled sanctions. Were the court to impose what defendant believes to be an illegal punishment for a violation of the terms of the community-controlled sanctions, he may challenge that punishment at that time. The assigned error is overruled.

*Judgment affirmed.*

MICHAEL J. CORRIGAN, and PATRICIA A. BLACKMON, JJ., concur.