The STATE of Ohio, Appellee,

v.

VLAD, Appellant.

[Cite as State v. Vlad, 153 Ohio App.3d 74, 2003-Ohio-2930.]

Court of Appeals of Ohio,
Seventh District, Carroll County.

No. 02 AP 0775.

Decided June 4, 2003.

T. Shawn Hervey, Carroll County Prosecuting Attorney, for appellee.

John M. Gartrell and Joint County Public Defender's Office, for appellant.

WAITE, Presiding Judge.

{¶ 1} This timely appeal arises out of the conviction and sentence of appellant, Eugene C. Vlad Jr., in the Carroll County Court of Common Pleas. The trial court sentenced appellant to a 12–month prison term and to five years of community control sanctions for violating R.C. 2919.21(B), a fifth-degree felony. The 12–month prison sentence was the maximum sentence. Because the trial court actually sentenced appellant to a 12–month prison term, that aspect of the sentence presents a final, appealable order. Although the trial court attempted to suspend the 12–month prison term, under Ohio felony sentencing statutes, this option should technically no longer be available to a sentencing court. This matter must be reversed and the case remanded for resentencing within the guidelines of the felony sentencing statutes.

{¶ 2} On March 21, 2002, appellant pleaded guilty to one count of nonsupport of his dependants in violation of R.C. 2919.21(C). Such a violation may be a misdemeanor or a felony, depending on prior violations of the statute. Appellant was charged with and pleaded guilty to a fifth-degree felony.

{¶ 3} On March 22, 2002, the trial court filed its judgment entry of conviction and sentence. The judgment entry states: "The Court sentenced defendant on Count One of the Indictment to serve a definite term of incarceration of twelve (12) months at the Ohio Department of Corrections * * *." The court also found that appellant committed the worst form of the offense and that the shortest prison term would demean the seriousness of the defendant's conduct. In recording his earlier discussion with appellant, the court stated: "[S]aid sentence was suspended in part, and defendant is sentenced to five (5) years community control * * *." This appeal followed.

{¶ 4} Appellant's sole assignment of error asserts:

{¶ 5} "Did the trial court err in sentencing defendant/appellant to a maximum sentence of twelve (12)[sic] for a fifth-degree felony?"

{¶ 6} As an initial matter, we must determine whether the issue presented in this appeal is ripe for review at this time. This court has very recently held that cases in which the trial court clearly states in its sentencing entry that a felony prison sentence has been imposed (in contrast to a sentence directly to community control where the prison sentence is mentioned as a mere possibility) must be appealed immediately to preserve any errors associated with the imposed prison term. *State v. Baker,* 152 Ohio App.3d 138, 2002-Ohio-7295, 787 N.E.2d 17, reaffirming the holding in *State v. Pitts* (Mar. 14, 2001), 7th Dist. No. 99 BA 67, 2001 WL 273838. Such errors in actually imposing the prison term

must be immediately appealed even if the trial court then "suspends" the felony prison sentence and further orders probation or community control sanctions.

{¶ 7} We note that *Baker* involved the same trial judge, the same court of common pleas, the same sentencing language, and the same legal issues involved in the instant case. We decided *Baker* very recently, on December 26, 2002. The principle of stare decisis, which dictates that a court stand by its precedents and not disturb established law, compels us to adhere to *Baker*. *Krause v. State* (1972), 31 Ohio St.2d 132, 148, 60 O.O.2d 100, 285 N.E.2d 736. The United States Supreme Court has held that " 'the doctrine of stare decisis is of fundamental importance to the rule of law.' " *Patterson v. McLean Credit Union* (1989), 491 U.S. 164, 172, 109 S.Ct. 2363, 105 L.Ed.2d 132, quoting *Welch v. Texas Dept. of Highways & Pub. Transp.* (1987), 483 U.S. 468, 494, 107 S.Ct. 2941, 97 L.Ed.2d 389. The Ohio Supreme Court has held that " 'any departure from the doctrine of stare decisis demands special justification.' " *Wampler v. Higgins* (2001), 93 Ohio St.3d 111, 120, 752 N.E.2d 962, quoting *Patterson*, 491 U.S. at 172, 109 S.Ct. 2363, 105 L.Ed.2d 132. This case presents no special reasons for departing from the principle of stare decisis and, in fact, underscores this principle. Based on our recent *Baker* decision, the instant appeal presents a final and appealable order.

{¶ 8} In upholding *Baker*, it is appropriate to elaborate further on our conclusion that the issue on appeal presents a reviewable order. A court of appeals is charged with the duty to review final orders. "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." Section 3(B)(2), Article IV of the Ohio Constitution; see, also, R.C. 2505.03. This court is permitted to review judgments only when it is presented with an order that is both final and appealable as defined by R.C. 2505.02 and other relevant procedural rules. *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64, syllabus. Furthermore, " 'an appeal from a final judgment brings up for review all interlocutory or intermediate orders involving the merits and necessarily affecting the final judgment which were made prior to its entry.' " *Helman v. EPL Prolong, Inc.* (2000), 139 Ohio App.3d 231, 239, 743 N.E.2d 484, quoting *Hollington v. Ricco* (1973), 40 Ohio App.2d 57, 67, 69 O.O.2d 45, 318 N.E.2d 442.

{¶ 9} An appealable issue must be raised at the earliest opportunity to do so. *State v. Williams* (1996), 74 Ohio St.3d 454, 455, 659 N.E.2d 1253.

{¶ 10} In a criminal case, the final and appealable order consists of both the judgment of conviction and the order imposing the sentence. Crim.R. 32(C); *State v. Henderson* (1979), 58 Ohio St.2d 171, 178, 12 O.O.3d 177, 389 N.E.2d 494.

There is no question that the March 22, 2002 judgment entry presented a final and appealable order consisting of a judgment of conviction and a sentence. Any tangential orders within the judgment entry and any prior orders that had not yet been appealable became appealable on March 22, 2002. Appellant correctly filed an appeal of the March 22, 2002 judgment entry for our review of the issues in that order, including the fact that the court had actually sentenced him to a definite prison term.

{¶ 11} The trial court clearly ordered appellant to serve a definite term of incarceration of 12 months. The court made other findings consistent with an intent to impose an actual prison sentence, e.g., the court found that appellant committed the worst form of the offense and that the shortest prison term would demean the seriousness of the offense. We must interpret the language used in the judgment entry to mean what its says: the trial court intended to impose an actual prison sentence. The court uses unconditional language that can only be viewed as an order. This order is contained within a final and appealable order and became reviewable on March 22, 2002.

{¶ 12} We are aware that some other appellate districts might not view the prison sentence imposed in the March 22, 2002 judgment entry as a final appealable order. See *State v. Gardner* (Dec. 1, 1999), 3d Dist. No. 14–99–24, 1999 WL 1075424.

{¶ 13} Under the new felony sentencing statutes that came into effect in 1996 pursuant to Am.Sub.S.B. No. 2, it appears that a trial court may not impose both a prison sentence and community control sanctions at the same time. If the trial court intends to impose community control sanction but wishes to reserve the option of later imposing a prison term, the court must give the defendant notice of the possible prison term at the time that community control sanctions are imposed. R.C. 2929.19(B)(5). In the vast majority of cases where community control sanctions are imposed, the trial court will follow the dictates of R.C. 2929.19(B)(5) and will not attempt to impose both a prison term and community control sanctions at the same time.

{¶ 14} The case currently under review presents an appeal of a criminal sentence in which the trial court actually stated that it was imposing both a prison term and community control sanctions. As a reviewing court, we are limited by the record as it is presented to us. We review the record to determine what the lower court has actually ordered. If the trial court imposes a prison term and the order is otherwise appealable, we must review that order. If the trial court has not actually imposed a prison term but merely threatens to impose a prison term or reserves the right to impose a prison term at a later time, then the court has not actually ordered a prison sentence and the issue is not ripe for review. The distinction is determined by the record. Our task is simply a

matter of reading the record before us and determining what the trial court actually stated and ordered. The instant case, like *Pitts* and *Baker*, contains a sentencing order that actually imposes a prison term. In *Pitts* and *Baker*, the defendant failed to timely appeal the order containing the prison sentence, thus waiving any errors relating to the prison term. In this case, appellant has preserved his error by timely appealing the sentencing entry that imposed the prison term.

{¶ 15} Based on these considerations, appellant correctly filed an appeal of the March 22, 2002 sentencing entry.

{¶ 16} It is clear that appellant's assignment of error has merit. The trial court imposed both a prison term and community control sanctions at the same time, sentencing that does not comport with the current felony sentencing statutes. *Baker*, supra, 152 Ohio App.3d 138, 2002-Ohio-7295, 787 N.E.2d 17, at ¶ 12. When a court imposes community control sanctions, the sanctions are directly imposed on the defendant and do not follow as a consequence of a suspended prison sentence. R.C. 2929.15(A). Since 1996, trial courts need to decide which sentence is most appropriate—prison or community control sanctions—and impose whichever option is deemed to be necessary.

{¶ 17} In addition, when a court imposes the maximum prison term for an offense, the court must make specific findings supporting the maximum sentence as prescribed in R.C. 2929.14(C) and must give reasons for making the findings as prescribed in R.C. 2929.19(B)(2)(d). See *State v. Edmonson* (1999), 86 Ohio St.3d 324, 328, 715 N.E.2d 131. Although the trial court did make a finding that appellant committed the worst form of the offense, the court does not explain its reasons for making this finding.

{¶ 18} Finally, when sentencing a defendant after a conviction for a fourth-or-fifth degree felony, the trial court is required to make further determinations pursuant to R.C. 2929.13(B)(1). It does not appear that the trial court evaluated the factors contained in R.C. 2929.13(B)(1).

{¶ 19} Based on the foregoing considerations, we sustain appellant's sole assignment of error. We reverse the March 22, 2002 judgment entry for resentencing and remand this cause for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

GENE DONOFRIO, J., concurs.

DEGENARO, J., dissents.

DeGenaro, Judge, dissenting.

{¶ 20} I must respectfully dissent from the majority because the issue appealed by Vlad, whether the maximum sentence was properly imposed, is not ripe for this court's review. Accordingly, I would dismiss this appeal.

{¶ 21} The state argues that Vlad was sentenced to only five years' community control sanctions, not to a prison term of 12 months, as Vlad suggests. Thus, the state contends that this appeal is not ripe for our review. I find the state's position to be consistent with the well-established principle that a claim is not ripe for appellate review unless the trial court has arrived at a definitive position on the issue. *Bentleyville v. Pisani* (1995), 100 Ohio App.3d 515, 518–519, 654 N.E.2d 394. The duty of a reviewing court is to decide actual controversies and render judgments that are capable of enforcement. *Knutty v. Wallace* (1995), 100 Ohio App.3d 555, 558–559, 654 N.E.2d 420. This court is not required to address issues that are not ripe for review or those that would be purely academic in nature. *Bentleyville; James A. Keller, Inc. v. Flaherty* (1991), 74 Ohio App.3d 788, 791, 600 N.E.2d 736. To address an issue prematurely would have the effect of rendering an advisory opinion on potential issues. *State v. Bistricky* (1990), 66 Ohio App.3d 395, 397, 584 N.E.2d 75.

{¶ 22} I conclude that ruling on the trial court's decision to impose a maximum sentence would be premature at this time because the sentence has not yet been imposed. More precisely, if Vlad were to violate his community control sanctions, R.C. 2929.15 would require a second sentencing hearing. See *State v. Marvin* (1999), 134 Ohio App.3d 63, 67–69, 730 N.E.2d 401; *State v. Brown* (2000), 136 Ohio App.3d 816, 821, 737 N.E.2d 1057. Accordingly, Vlad should appeal that sentencing order if and when he is actually sentenced to a term of incarceration for violation of community control sanctions.

{¶ 23} Other courts have addressed this issue and reached the same conclusion. For example, in *State v. Gardner* (Dec. 1, 1999), 3d Dist. No. 14–99–24, 1999 WL 1075424, the Third District held that the issue regarding unlawful "suspended sentences" becomes ripe when the community control sanction had been violated and the sentence is actually imposed. Despite the fact that the original judgment entry of sentencing stated that defendant was to serve a "suspended" 18–month prison term, the court explained that "there is no provision in the sentencing statute which permits a court to suspend a prison term or make community control a condition of a suspended prison term." Id., citing *State v. Riley* (Nov. 12, 1998), 3d Dist. No. 14–98–38, 1998 WL 812044, at * 3. Thus, merely because the trial court made reference to an 18–month prison term in its original entry, the *Gardner* court concluded the sentence was not valid under Ohio law at that time. Instead of vacating the sentence, the court explained, "we must view the 18–month sentence referred to by the trial court in its May 22, 1998 entry to have

been a reservation of the more severe sanction that the court could impose for a violation of the community control sanctions pursuant to R.C. 2929.15(B)." *Id.* at * 2.

{¶ 24} This same rationale was adopted by other courts in *State v. Ogle* (Mar. 1, 2002), 6th Dist. No. WD–01–040, 2002 WL 313386; *State v. Greer* (Dec. 1, 1999), 3d Dist. No. 14–99–26, 1999 WL 1075442; *State v. McPherson* (2001), 142 Ohio App.3d 274, 755 N.E.2d 426; *State v. Curtis* (2001), 143 Ohio App.3d 314, 757 N.E.2d 1237; and, the Eighth District in *State v. Lamis* (2000), 139 Ohio App.3d 617, 744 N.E.2d 1260. Although these cases demonstrate a general trend in the law, this court has previously and erroneously held otherwise.

{¶ 25} This court recently held in *State v. Baker*, 152 Ohio App.3d 138, 2002-Ohio-7295, 787 N.E.2d 17, that it was a sentencing error even to designate the sentence as being "suspended." Thus, that error had to be appealed at the time it was made. I disagree.

{¶ 26} I am persuaded by the reasoning of the districts in *Gardner* and the other cases cited above at ¶ 24 and 25 and would find it a better practice for a defendant to appeal from the sentence when the issue becomes ripe.

{¶ 27} The majority contends that we must follow our decisions in *State v. Pitts* (Mar. 14, 2001), 7th Dist. No. 99 BA 67, 2001 WL 273838, and *Baker*, which relied on *Pitts*. In *Pitts*, the trial court sentenced the defendant to five years of community control sanctions, including four months of incarceration in the Belmont County Jail and six months at the Eastern Ohio Corrections Center. The sentencing entry stated that the penalty for violating the community control sanctions was 24–months of imprisonment, consisting of two consecutive 12–month sentences for the two crimes. After the defendant violated four conditions of his community control order, the trial court revoked his community control sanctions and reimposed the two consecutive 12–month terms of imprisonment in the original sentencing order. The defendant then appealed from that decision.

{¶ 28} This court, however, determined that the defendant waived any challenge to the sentence because he did not file a direct appeal of the judgment that originally imposed a suspended 24–month prison term. "In essence, Appellant now attempts to belatedly appeal that decision by filing the instant appeal. Although it is questionable whether the trial court, in its March 8, 1999 entry, had the authority to impose and then suspend a felony prison sentence, Appellant should have raised this issue by means of a direct appeal of the original sentencing order. See R.C. 2929.51." *Id.* at * 2.

{¶ 29} This court further reasoned, " 'Unless the judgment is challenged, however, its validity does not become an issue. Thus, when a party has a possibly meritorious assignment of error, but does not appeal the lower court's

decision in the case so that a determination of the assigned error can be made, that judgment remains valid * * *.' *Eisenberg v. Peyton* (1978), 56 Ohio App.2d 144, 151 [10 O.O.3d 158, 381 N.E.2d 1136]. Appellant failed to question the propriety of the original twenty-four month sentence in a direct appeal. Thus, he should not now be permitted to challenge that sentence in a subsequent community control revocation proceeding." Id. at * 2.

{¶ 30} However, the rationale in *Pitts*, for several reasons, is erroneous. First, the judgment entry that originally imposed the "suspended" 24–month prison term did not in fact impose a prison term. Rather, the entry gave notice to the defendant of what the potential sentence would be if he were to violate the community control sanctions, making the sentence conditioned upon whether or not the defendant actually violated the sanctions. Thus, it would be impossible to anticipate at the time of the original sentencing what the trial court might decide in the future if and when the defendant actually violates the sanctions.

{¶ 31} Second, this court's prior decision also fails to recognize that a trial court in its original sentence need only inform the defendant of the maximum sentence he could possibly receive if he were to violate the community control sanctions. R.C. 2929.15(A). This does not bind the trial court to impose that maximum sentence in the future. See *Curtis*. It merely creates a ceiling. After a defendant violates the sanctions, the trial court is then required to impose a sentence *within the boundaries* set by the notice required at the original sentencing hearing. R.C. 2929.15. Because a claim is not ripe for appellate review unless the trial court has arrived at a *definitive position* on the issue, it would be inappropriate to review such a decision. *Bentleyville*.

{¶ 32} Finally, this court improperly categorized the issue raised by the defendant on appeal because the defendant was clearly not challenging the trial court's authority to impose and then suspend a felony prison sentence. Instead, the defendant argued that the trial court was required to consider the sentencing factors found in R.C. 2929.12 et seq. before sentencing him to the maximum consecutive sentences. Because it is the sentence imposed in this second sentencing hearing which must comply with felony sentencing laws, this distinction is crucial. See *Marvin; Brown; Riley.*

{¶ 33} The majority's position is that we must be guided by the principle of stare decisis and, thus, we must follow *Pitts*. Admittedly, this writer concurred in the *Pitts* decision. However, as Justice Clifford F. Brown stated in his concurring opinion in *Baker v. McKnight* (1983), 4 Ohio St.3d 125, 4 OBR 371, 447 N.E.2d 104, if a case is bad law when it is decided, then it must be overruled. Id. at 130, 4 OBR 371, 447 N.E.2d 104 (C. Brown, J., concurring). "It takes more courage to admit a mistake than to stick our heads in the sand of stare decisis and adhere to a holding which perpetuates a recognized injustice." Id.

{¶ 34} We should not perpetuate this conflict with the other districts. Thus, I would find that Vlad's assignment of error is not ripe for this court's review because the trial court has yet to impose sentence. I would therefore dismiss this appeal. However, as a conflict has been created, I would certify it to the Supreme Court for resolution.