{¶ 70} I respectfully dissent.
 {¶ 71} A court of appeals does not have unfettered authority to determine an appeal on the basis of a new and unargued issue that was not raised at trial. State v. 1981 Dodge Ram Van (1988), 36 Ohio St.3d 168,170.
 {¶ 72} "The general rule is that an `appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.'" State v. Awan (1986), 22 Ohio St.3d 120, 122
(citation omitted).
 {¶ 73} In this case, the majority reverses on the basis of its finding that the prenuptial agreement between the parties was invalid. Appellant did not challenge the validity of the prenuptial agreement during the proceedings below, which was the time when such matter should have been adjudicated.
 {¶ 74} Appellant did not seek the invalidation of the prenuptial agreement in her complaint for divorce. In fact, the only evidence proffered at trial about that agreement arose during appellee's counsel's cross-examination of appellant and by appellee's answer to a question from his counsel. While appellant's counsel's cross-examination may have opened the door to testimony about the prenuptial agreement, such limited testimony hardly rises to a judicial challenge of that contract's validity. Appellant did not subsequently amend her pleadings or otherwise move to seek the trial court's invalidation of the prenuptial agreement.
 {¶ 75} Contrary to the majority opinion, appellee only bears the burden of proving the validity of the prenuptial agreement if the agreement "provides that one spouse shall receive an amount that iswholly disproportionate to the amount he or she would take under the law." Fletcher v. Fletcher, 68 Ohio St.3d 464, 466, citing Juhasz v.Juhasz (1938), 134 Ohio St. 257, paragraph three of the syllabus (emphasis added). The prenuptial agreement at issue in the present case did not provide for a "wholly disproportionate" distribution of the marital assets. It merely confirmed the status of certain properties that appellee owned prior to the marriage as his separate property. Cf. R.C.3105.171(A)(6)(a)(ii) ("`[s]eparate property' means * * * any real * * * property * * * acquired by one spouse prior to the date of marriage"). Moverover, it is the party challenging the agreement that bears the "burden of proving fraud, duress, coercion or overreaching." Fletcher,68 Ohio St.3d at 467. Since appellant did not raise the validity of the prenuptial agreement at trial, the trial court had no obligation to subject that agreement to the Gross test.
 {¶ 76} Based on the prenuptial agreement, the lower court's determination as to property ownership and property division is supported by the record. Cf. Vail v. Vail, 8th Dist. No. 83145, 2004-Ohio-2158, at ¶¶ 30-31 (where the validity of a prenuptial agreement was not challenged, the trial court erred by not abiding by its terms).
 {¶ 77} The trial court's rulings are further buttressed by that court's incorporation of the prior order of the Federal Bankruptcy Court in appellant's Chapter 13 proceedings, whereby appellant released her interest in the subject properties (Ravine Run, Cortland; Raglan Drive, Warren; Genesee, Warren) in exchange for her receipt of $6,000 from appellee.
 {¶ 78} The majority characterizes this order as something "the bankruptcy court did." In fact, this order is an "agreed order" drafted by appellant's attorney and signed by both appellant and appellee. In this order, appellant "agrees to make no further claim of ownership or interest" in the Raglan Drive and Ravine Run property. Appellant should have been estopped from even asserting an interest in these properties under principles of res judicata. Grava v. Parkman Twp., 73 Ohio St.3d 379, at syllabus ("[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action"). Appellant entered a binding agreement to abandon her claims to these properties and is bound by that agreement.
 {¶ 79} Appellee's ill-advised effort to claim the $6,000 as support in his crossappeal notwithstanding, the Bankruptcy Agreement, accepted into evidence at trial without objection by appellant, and the trial court's incorporation thereof unequivocally evinces that appellant released her interest, if any, in those three properties in exchange for the cash payment. For that same reason, appellee's cross-appeal lacks merit.
 {¶ 80} Therefore, appellant's assignment of error and appellee's cross-appeal should be overruled.
 {¶ 81} Finally, the majority somehow finds that appellant's first assignment of error and appellee's cross-assignment of error are "with merit, but are not yet ripe for review." These findings are mutually exclusive. If an issue is "not yet ripe", an appellate court cannot rule on its substantive merits. State v. Vlad, 153 Ohio App.3d 74,2003-Ohio-2930, at ¶ 8 (a reviewing court "is permitted to review judgments only when it is presented with an order that is both final and appealable") (citation omitted). If an appellate court rules on the substantive merits of an issue, the court, by its ruling, has determined that the issue is ripe. Additionally, if an issue is not ripe for review, an appellate court cannot issue an advisory opinion, but rather must remand the issue to the lower court for further adjudication. Eganv. National Distillers Chemical Corp. (1986), 25 Ohio St.3d 176, at syllabus (court would not consider issues neither raised nor justiciable as "it is well-settled that this court will not indulge in advisory opinions").
 {¶ 82} For the reasons stated above, the decision of the Trumbull County Court of Common Pleas, Domestic Relations Division, should be affirmed.