[Cite as *State v. Hartman*, 2012-Ohio-874.]

## IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### VAN WERT COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,               CASE NO.  15-10-11

     v.

ROBERT J. HARTMAN,               O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Van Wert County Common Pleas Court
Trial Court No. CR-09-12-186

Judgment Reversed and Cause Remanded

Date of Decision:  March 5, 2012

APPEARANCES:

     *Todd D. Wolfrum*  for Appellant

     *Peter R. Seibel*  for Appellee

**ROGERS, J.**

{¶1} Defendant-Appellant, Robert Hartman ("Hartman"), appeals the judgment of the Court of Common Pleas of Van Wert County, convicting him of five counts of retaliation and sentencing him to twenty years in prison and to community control. Finding that the sentence was contrary to law, we reverse the judgment of the trial court.

{¶2} On December 17, 2009, the Van Wert County Grand Jury indicted Hartman on six counts of retaliation in violation of R.C. 2921.05(A), felonies of the third degree. At his arraignment, Hartman pled not guilty to the charges contained in the indictment and a jury trial was scheduled. On August 23, 2010, a change of plea and sentencing hearing was held. Hartman entered a guilty plea to five counts of retaliation as contained in the indictment; the sixth count was dismissed. The judgment entry of plea and sentence was filed September 7, 2010, which read in pertinent part:

> **It is therefore [o]rdered that the Defendant is hereby sentenced as follows:**
>
> | | |
> |---|---|
> | **Count I:** | **Four years incarceration** |
> | **Count II:** | **Four years incarceration** |
> | **Count III:** | **Four years incarceration** |
> | **Count IV:** | **Four years incarceration** |
> | **Count V:** | **Four years incarceration** |
>
> **The sentence of four years as to Count I is imposed in the custody of the Ohio Department of Rehabilitation and**

**Correction; the sentences for Counts II, III, IV, and V totaling sixteen years are hereby [r]eserved. All sentences are to be served consecutively for an aggregate term of incarceration of twenty years with sixteen years being reserved.**

**As to the reserved sentence the Defendant did execute the Community Control Agreement and Order and was advised [that] a condition of his [c]ommunity control is that while he is incarcerated * * * he shall not commit any criminal offenses and shall have no tickets, write-ups, excluding minor infractions. * * * The Defendant was advised that if he violated the [c]ommunity [c]ontrol he could be returned, his community control revoked, and the reserved sixteen years added to his current sentence.** Docket No. 23.

{¶3} It is from this judgment Hartman appeals, asserting the following as error for our review.

*Assignment of Error No. I*

**IN VIOLATION OF THE OHIO FELONY SENTENCING GUIDELINES, THE COURT HEREIN SENTENCED DEFENDANT TO BOTH PRISON AND COMMUNITY CONTROL.**

{¶4} In his sole assignment of error, Hartman argues that the Ohio felony sentencing guidelines do not permit a trial court to impose both a prison term and community control, citing *State v. Gardner*, 3d Dist. No. 14-99-24 (Dec. 1, 1999). We agree.

{¶5} An appellate court must conduct a meaningful review of the trial court's sentencing decision. *State v. Daughenbaugh,* 3d Dist. No. 16-07-07, 2007-Ohio-5774, ¶ 8, citing *State v. Carter,* 11th Dist. No. 2003-P-0007, 2004-Ohio-

1181. A meaningful review means "that an appellate court hearing an appeal of a felony sentence may modify or vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law." *Daughenbaugh* at ¶ 8, citing *Carter* at ¶ 44; R.C. 2953.08(G).

{¶6} In 1996, new sentencing statutes contained in Am.Sub.S.B. No. 2 ("S.B. 2") took effect, which inter alia, prohibit a trial court from imposing both a prison sentence and community control sanctions on the same offense. *State v. Vlad*, 153 Ohio App.3d 74, 78, 2003-Ohio-2930 (7th Dist.); *State v. Hoy*, 3d Dist. Nos. 14-04-13, 14-04-14, 2005-Ohio-1093, ¶ 18. As we have explained:

> **[p]rior to S.B. 2, it was a regular practice in felony sentencing to impose a prison sentence and then suspend the sentence and grant probation with specific terms and conditions. That option was removed by the felony sentencing statutes adopted as part of S.B. 2.** *Hoy*.

{¶7} This district has determined that "there is no provision in the sentencing statute which permits a court to suspend a prison term or make community control a condition of a suspended prison term." *State v. Riley*, 3d Dist. No. 14-98-38 (Nov. 12, 1998). Rather, current felony sentencing statutes, contained primarily in R.C. 2929.11 to 2929.19, require trial courts to impose either a prison term or community control sanctions on each count. *State v. Williams*, 3d Dist. No. 5-10-02, 2011-Ohio-995, ¶ 17, citing *Hoy*. Pursuant to

R.C. 2929.19(B), community control sanctions and prison terms are mutually exclusive and cannot be imposed at the same time on the same count of conviction. *State v. Randolph*, 12th Dist. No. CA2003-10-262, 2004-Ohio-3350, ¶ 9. Because community control sanctions are directly imposed and do not follow as a consequence of a suspended prison sentence, trial courts must decide which sentence is most appropriate and impose whichever option is deemed to be necessary. *Vlad* at ¶ 16.

{¶8} In the case sub judice, the trial court explicitly sentenced Hartman to four years' incarceration on each of the five counts of retaliation, to be served consecutively for a total of twenty years' incarceration. Docket No. 23. It then "reserved" sixteen years' incarceration on counts II through V and imposed community control sanctions for an undisclosed period. *Id.* While the trial court's intention may have been to impose community control on counts II through V, its procedure was flawed. It is clear that Hartman's sentence does not comport with the felony sentencing statutes in place since 1996, or with this Court's jurisprudence, as the trial court imposed both prison terms and community control on each of counts II through V. Hartman's sentence on those counts is therefore clearly and convincingly contrary to law.

{¶9} Accordingly, we sustain Appellant's assignment of error. Although we find nothing to prevent a trial court from imposing a prison sentence on one

count and community control on another, we find it necessary to reverse the entire sentence in order that the trial court may clarify its intentions.

{¶10} Having found error prejudicial to Appellant herein, in the particular assigned and argued, we reverse and remand to the trial court for proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**WILLAMOWSKI, J., concurs.**
**SHAW, P.J., concurs in Judgment Only.**

**/jlr**