[Cite as *State v. Bryan*, 2012-Ohio-3308.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO.  17-11-43

    v.

JARED D. BRYAN,                     **O P I N I O N**

    DEFENDANT-APPELLANT.


Appeal from Shelby County Common Pleas Court
Trial Court No. 09CR000305

**Judgment Affirmed**

**Date of Decision:   July 23, 2012**


APPEARANCES:

    *Christopher R. Bucio*  for Appellant

    *Jeffrey J. Beigel*  for Appellee

**SHAW, P.J.**

{¶1} Defendant-appellant Jared D. Bryan ("Bryan") appeals the November 22, 2011 judgment of the Shelby County Court of Common Pleas sentencing him to five years in prison for Possession of Drugs in violation of R.C. 2925.11, a felony of the third degree following Bryan's community control violation.

{¶2} On October 1, 2009, Bryan was indicted for Possession of Drugs in violation of R.C. 2925.11, a felony of the second degree, and Trafficking in Drugs in violation of R.C. 2925.03(A)(2), a felony of the second degree.

{¶3} On January 7, 2010, Bryan entered into a written negotiated plea of guilty wherein Bryan agreed to plead guilty to the amended charge of Possession of Drugs in violation of R.C. 2925.11, a felony of the third degree rather than a felony of the second degree as indicted, and the State agreed to dismiss the Trafficking in Drugs charge. In addition, pursuant to the agreement, Bryan and the State agreed to jointly recommend to the court a punishment of community control sanctions and drug treatment for Bryan at the WORTH center.

{¶4} The same day that the plea agreement was signed, January 7, 2010, the court held a change of plea hearing. At the change of plea hearing, the court informed Bryan of the effects of his guilty plea, and then the court accepted Bryan's plea of guilty to the charge as amended. Bryan's sentencing was delayed

pending the results of a pre-sentence investigation by the Adult Probation Department.

{¶5} On February 25, 2010, Bryan's sentencing hearing was held. Bryan was sentenced to five years of community control subject to the general supervision and control of the Adult Probation Department.[1] Bryan was also notified that if he violated community control, the court could impose a prison term of five years.

{¶6} On March 10, 2010 the court entered its "Judgment Entry of Sentencing" reflecting what Bryan had been informed at the hearing. The Judgment Entry reiterated that [Bryan's] violation of any part of the sentence "shall lead to a more restrictive sanction, a longer sanction, including a basic prison term of five (5) years to which [Bryan] is hereby further sentenced with the imposition of sentence deferred pending the satisfactory completion of the term and conditions of [Bryan's] community control." (Doc. No. 15).

{¶7} On August 11, 2011, Emily Mueller, an Adult Probation Officer, filed a motion for the court to revoke Bryan's community control sanctions due to Brian's failure to comply with multiple terms of his community control.

{¶8} On November 21, 2011, a hearing was held on the motion to revoke Bryan's community control wherein Bryan admitted to violating his community

---

[1] Bryan was also sentenced to be accepted into, and successfully complete, treatment at WORTH. The record indicates the Bryan did complete his treatment at the WORTH center.

control. Despite Bryan's pleas for leniency, the court then revoked Bryan's community control and reinstated Bryan's five year prison sentence.

{¶9} On November 22, 2011, the court filed its "Judgment Entry on Community Control" finding Bryan guilty of violating the terms of his community control sanction and sentencing Bryan to a five year prison term. It is from this judgment that Bryan appeals, asserting the following assignments of error for our review.

**ASSIGNMENT OF ERROR I:**
**THE APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.**

**ASSIGNMENT OF ERROR II:**
**THE APPELLANT WAS IMPROPERLY DISMISSED FROM INTERVENTION IN LIEU OF CONVICTION.**

{¶10} For the sake of clarity, we elect to address the assignments of error out of order.

*Second Assignment of Error*

{¶11} In Bryan's second assignment of error, he claims that he was improperly dismissed from intervention in lieu of conviction (hereinafter "ILC"). Specifically, Bryan argues that he was terminated from ILC based on a charge that was subsequently dismissed.

{¶12} We note at the outset of our discussion that Bryan did not receive ILC in this case. The notice of appeal in this case is taken from the November 22,

2011 Judgment Entry on Community Control. Neither the entry appealed from nor the statements made at the sentencing hearing made any reference to ILC. According to Bryan's sentence, his five year prison term was "deferred pending the satisfactory completion of the term and conditions of [Bryan's] community control." (Doc. No. 15). Bryan was initially, therefore, given community control sanctions rather than a prison term, not ILC. It is a mischaracterization by Bryan to say he was under ILC in this case.[2]

{¶13} At oral argument, Bryan contended that he was in *consideration* for ILC on another criminal case when he was charged with the crimes in this case. Despite Bryan's claims, there is nothing in the record indicating he was ever in consideration for ILC in another case and nothing in the record referencing another criminal case. Accordingly, we elect to deal only with the record before us in considering this appeal. Therefore, we construe Bryan's argument to be that the court improperly terminated Bryan's community control, which was part of his actual sentence, rather than that the court improperly terminated Bryan's ILC, which there is no reference to in the record.

{¶14} The decision of a trial court finding a violation of community control will not be disturbed absent an abuse of discretion. *State v. Ryan*, 3d Dist. No. 14-06-55, 2007-Ohio-4743 at ¶ 7. An abuse of discretion constitutes more than an

---

[2] Under the terms of the ILC statute, R.C. 2951.041, it would appear that Bryan was not even eligible for ILC based on the level of his felony. *See* R.C. 2941.041(B)(2)-(3).

error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. *Id.*

{¶15} On appeal, Bryan claims that his community control was improperly terminated based upon Bryan being charged with a crime that was ultimately dismissed. Therefore, Bryan claims, his community control should not have been terminated.

{¶16} The Adult Probation Officer handling Bryan's case filed a motion to revoke Bryan's community control arguing that Bryan had violated the terms of his community control in the following ways:

> **On or about 03/11/11, [Bryan] was convicted of Theft, M-1 in Gallipolis Municipal Court.**
>
> **On or about June of 2011, [Bryan] changed [his] address, without notifying his supervising officer, resulting in a warrant for his arrest.**
>
> **On or about May of 2011 through July of 2011, [Bryan] failed to report to his supervising officer, resulting in a warrant for his arrest.**

(Doc. No. 27).

{¶17} On November 21, 2011, a hearing was held on the Adult Probation Officer's motion to revoke Bryan's community control. At the hearing, the

following dialogue took place between the court, Bryan, and Bryan's defense counsel.

> **Mr. Sell:  Yes, your honor.  Thank you.  Mr. Bryan is prepared to admit to the allegations set forth in the probation violation, sir.**
>
> **THE COURT:  And you are Jared D. Bryan, is that right?**
>
> **THE DEFENDANT:  That's correct.**
>
> **THE COURT:  And so, Mr. Bryan, do you admit violating the terms and conditions of community control?**
>
> **THE DEFENDANT:  Yes, I do.**
>
> **THE COURT:  Court will accept your admission and make a finding of guilty.**

(Nov. 21, 2011 Tr. at 4).

{¶18} The preceding dialogue makes clear that while Bryan argues on appeal the court revoked Bryan's community control based upon a criminal charge that was dismissed, Bryan *admitted* to violating community control as alleged in the motion.  The allegations clearly contained multiple reasons for revoking Bryan's community control.

{¶19} Moreover, the court made statements at the hearing illustrating that there were multiple reasons cited against Bryan for revocation.

> **THE COURT:      Then it looks like * * * in March of 2011, you had a shoplifting charge from * * * a local K-Mart in the area where you were – you were living.**

> **A home visit was then conducted in July of 2011, and apparently you – you moved out of that home without reporting to your probation officer. ∗ ∗ ∗**
>
> **At least as of the time of this report, and I don't know whether these have been resolved or not, there were two outstanding bench warrants for your arrest. One for failure to appear for a receiving stolen property charge and the other – that was out of Gallipolis Municipal Court. Then you had another one out of Franklin County Municipal Court for – for failing to appear on a DUS, operator's license, and a failure to yield. ∗ ∗ ∗**
>
> **Based upon that track record, the Court believes that the – the best thing at this time is to order that your community control be revoked, [and] that the original sentence will be imposed[.]**

(Nov. 21, 2011 Tr. at 7-8).

{¶20} Furthermore, contrary to Bryan's arguments, in the "Judgment Entry on Community Control," the court places no particular emphasis on any criminal charge in revoking Bryan's community control. In the judgment entry the court found that Bryan "waived his right to a final, adjudicatory hearing, and admitted violating the terms and conditions of his Community Control Sanction as alleged by the Shelby County Adult Probation Department." (Doc. No. 58).

{¶21} Ultimately the record not only clearly establishes that Bryan admitted his community control violations (which he does not challenge), but it also establishes there were multiple reasons to terminate Bryan's community control. Based on the foregoing we do not find an abuse of discretion in terminating

Bryan's community control.  Accordingly, Bryan's second assignment of error is overruled.

*First Assignment of Error*

**{¶22}** In Bryan's first assignment of error he argues that he was denied his right to effective assistance of counsel.  Specifically, Bryan argues that had his counsel informed the court that the criminal charges against Bryan were dismissed, Bryan would have remained on ILC.

**{¶23}** "Reversal of convictions on ineffective assistance requires the defendant to show 'first that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.'" *State v. Cassano*, 96 Ohio St.3d 94, 2002-Ohio-3751 at ¶105 quoting *Strickland v. Washington*, 466 U.S. 668, 669, 104 S.Ct. 2052 (1984).  When considering a claim of ineffective assistance of counsel, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

**{¶24}** As stated above, there is no indication in the record that Bryan was ever on ILC for this case.  There is nothing in the record to substantiate that Bryan was being considered for ILC in another case when he was charged with, and pled guilty to, this crime.  Bryan was sentenced to community control, and there were multiple reasons that Bryan's community control was terminated.   There are no

allegations that counsel coerced Bryan into admitting violating his community control, and even if there were allegations, there is no evidence to support such a claim. Therefore, in this case we cannot find any deficiency in Bryan's counsel's actions, nor do we find that Bryan was in any way prejudiced by any purported failure of his counsel to inform the court that a criminal charge against Bryan had been dismissed.

{¶25} Accordingly, Bryan's first assignment of error is overruled.

{¶26} For the foregoing reasons, Bryan's assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment Affirmed*

**WILLAMOWSKI, J., concurs in Judgment Only.**

**ROGERS, J., concurring separately.**

{¶27} I concur with the affirmance of the trial court's judgment in this case, but for different reasons.

{¶28} Both of the Appellant's assignments of error relate to the issue of Intervention in Lieu of Conviction (or Convection as Appellant's counsel spelled it!). Since the Appellant was never granted Intervention in Lieu of Conviction, his arguments are irrelevant and immaterial and should be summarily overruled.

{¶29} The majority goes to great lengths to unnecessarily reinterpret the Appellant's three page brief as arguing issues which it did not even remotely suggest. Further, the Appellant's brief contains a "Statement of Jurisdiction," which is not required by the Appellate Rules, contains a statement of the case incorrectly labeled as a "Statement of Facts," and fails to include a proper statement of the facts which is required by the Appellate Rules. *See* App.R. 16(A)(6).

{¶30} Finally, I note that the original sentencing entry, which is quoted by the majority in its unnecessary discussion of revocation of community control, first orders the Appellant sentenced to community control, and then states:

> Violation of any of this sentence shall lead to a more restrictive sanction, including a basic prison term of five (5) years *to which Defendant is hereby further sentenced* with the imposition of sentence deferred pending the satisfactory completion of the term and conditions of Defendant's community control. (Emphasis added.) March 10, 2010, Sentencing Judgment Entry, p. 2.

{¶31} A trial court may sentence an individual to either community control or to a term of imprisonment. There is no authority to do both, and it is improper to indicate that the prison term is deferred pending satisfactory completion of community control. *State v. Hartman*, 3d Dist. No. 15-10-11, 2012-Ohio-874, ¶ 6, citing *State v. Vlad*, 153 Ohio App.3d 74, 78, 2003-Ohio-2930 (7th Dist.), and *State v. Hoy*, 3d Dist. Nos. 14-04-13, 14-04-14, 2005-Ohio-1093, ¶ 18.

**/jlr**