[Cite as *State v. Martin*, 2014-Ohio-3913.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100723**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# GINO MARTIN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-568316-B, CR-13-572752-A, CR-13-578497-B

**BEFORE:** Rocco, J., Jones, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** September 11, 2014

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
Leader Building, Suite 940
526 Superior Avenue
Cleveland, Ohio   44114

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Amy Venesile
        Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

{¶1} Defendant-appellant Gino Martin appeals from his sentences for numerous trafficking offenses and for having a weapon while under a disability. On appeal, Martin asserts that the trial court erred in imposing a "split" sentence that imposed both a prison term and community control sanctions for the same offense. Because there is no split sentence in this case, we reject Martin's argument and we affirm the trial court's final judgment.

{¶2} This case involves three different case numbers and three separate journal entries. The trial court rendered sentences in all three cases on November 25, 2013. Each case is discussed below.

*Case Number CR-13-572752-A*

{¶3} In CR-13-572752-A, Martin pleaded guilty to three counts of trafficking under R.C. 2925.03(A)(2), all fifth-degree felonies (Counts 2, 6, 7); to one count of trafficking under R.C. 2925.03(A)(1), a fifth-degree felony (Count 9); and to one count of having a weapon while under a disability under R.C. 2923.13(A)(3), a third-degree felony (Count 11). Two of the counts carried forfeiture specifications under R.C. 2941.1417.

{¶4} Martin was sentenced to 6 months imprisonment on count 2, to 12 months imprisonment on count 9, and to 9 months imprisonment on count 11, all to run concurrent with all other counts in the case. The trial court determined that counts 6 and 7 merged, and the trial court sentenced Martin on count 7 to a term of 6 months imprisonment, to run concurrent with all other counts in the case.[1] In total, Martin

---

[1] The original journal entry contained a clerical error stating that counts 10 and 7 merge.

would serve 12 months in prison for the counts to which he pleaded guilty in CR-13-572752-A. The journal entry further provided that, upon completion of his prison sentences, Martin was to be delivered to the county jail so that he could start serving his community-control sanctions in CR-13-578497-B and CR-13-568316-B *(see below)*. Martin was also ordered to forfeit a handgun, an automobile, and cash.

*Case Number CR-13-578497-B*

{¶5} In Case Number CR-13-578497-B, Martin pleaded guilty to a single trafficking offense under R.C. 2925.03(A)(2), a fifth-degree felony. The trial court sentenced Martin to one year of community control sanctions under the supervision of the adult probation department. The trial court ordered that Martin be screened for placement into the Community Based Correctional Facility ("CBCF"). If found to be eligible, Martin was ordered to successfully complete the CBCF program. The sentence further provided that if Martin violated the terms and conditions of the community control sanctions, he could be sanctioned to up to 12 months in prison.

*Case Number CR-12-568316-B*

{¶6} In CR-12-568316-B, Martin pleaded guilty to a single trafficking offense under R.C. 2925.03(A)(1), a fifth-degree felony. The trial court sentenced Martin to one year of community control sanctions under the supervision of the adult probation

This error was corrected in a nunc pro tunc entry on May 19, 2014.

department. The community control sanctions would run concurrent with the community control sanctions imposed in CR-13-578497-B. The trial court ordered that Martin be screened for placement into the CBCF. If found to be eligible, Martin was ordered to successfully complete the CBCF program. If Martin violated the terms and conditions of the community control sanctions, he could be sanctioned to up to 12 months in prison to be served concurrent with CR-13-578497-B.

{¶7} Martin filed notices of appeal in all three cases and sets forth a single assignment of error for our review:

> The trial court erred in imposing a split sentence, which included both a prison term and community control sanctions, where the sanctions automatically included additional incarceration.

We will not reverse the sentence imposed in this case unless we clearly and convincingly find that it is contrary to law. *See* R.C. 2953.08(G)(2). Because the sentence is not contrary to law, we find no merit to the assignment of error.

{¶8} "[T]he sentencing statute does not allow a trial court to impose both a prison sentence and community control *for the same offense*." (Emphasis added.) *State v. Jacobs*, 189 Ohio App.3d 283, 2010-Ohio-4010, 938 N.E.2d 29, ¶ 5 (8th Dist.). Such split sentences are prohibited; instead, the trial court must "'decide which sentence is most appropriate — prison or community control sanctions — and impose whichever option is deemed to be necessary.'" *Id.*, quoting *State v. Vlad*, 153 Ohio App.3d 74, 2003-Ohio-2930, 790 N.E.2d 1246, ¶ 16.

**{¶9}** But where a trial court sentences a defendant for separate offenses, the trial court may impose a prison term for one offense and community control sanctions for another offense, and it may order the sentences to be run consecutively. *State v. May*, 8th Dist. Cuyahoga No. 97354, 2012-Ohio-2766, ¶ 29-31, citing R.C. 2929.13(A) and *State v. Connor*, 5th Dist. Delaware No. 04CAA04-028, 2004-Ohio-6752, ¶ 28-29. *See also State v. LaSalla*, 8th Dist. Cuyahoga No. 99424, 2013-Ohio-4596, ¶ 34.

**{¶10}** In the instant case, the trial court imposed concurrent prison sentences for each of the separate counts in CR-13-572752-A. The trial court imposed a community control sanction for the single count in CR-13-578497-B. And the trial court imposed a separate community control sanction for the single count in CR-12-568316-B. The community control sentences were to run concurrent with one another and consecutive to the prison sentences. The trial court did not impose a split sentence on any one of the counts. Martin's argument, therefore, lacks merit. This case is governed by our decision in *May* and we overrule the sole assignment of error.

**{¶11}** The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

LARRY A. JONES, SR., P.J., and
MELODY J. STEWART, J., CONCUR