[Cite as *State v. Johnson*, 2022-Ohio-1948.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | |
| | | Nos. 111282 and 111283 |
| v. | : | |
| ROBERT JOHNSON, | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** June 9, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-19-646140-A and CR-20-648757-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristen Hatcher, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and Francis Cavallo, Assistant Public Defender, *for appellee.*

CORNELIUS J. O'SULLIVAN, JR., J.:

{¶ 1} Plaintiff-appellant the state of Ohio appeals from the judgment of conviction entered against defendant-appellee Robert Johnson. Appellee filed a

notice of conceded error in response to the state's sole assignment of error. After a thorough review of the record and applicable law, we find merit to this appeal.

{¶ 2} In 2019, appellee was indicted in case number CR-19-646140-A on a sole count of failure to verify address. In 2020, appellee was charged in case number CR-20-648757-A with two counts of attempted rape and two counts of gross sexual imposition; all counts contained a sexually violent predator specification. The two cases proceeded together on the same trial court judge's docket.

{¶ 3} In January 2022, appellee entered guilty pleas to resolve both cases. In case number CR-19-646140-A, appellee pleaded guilty to the sole count of failure to verify address, and in case number CR-20-648757-A, appellee pleaded guilty to two counts of gross sexual imposition with deletion of the sexually violent predator specifications. The remaining counts and specifications were dismissed.

{¶ 4} At sentencing, the trial court imposed a prison term of 24 months and a five-year term of community control with conditions on the failure to verify address count. On the gross sexual imposition counts, the court imposed a prison term of 12 months, with six months suspended, and five years of community control with conditions on both counts. The state appeals, raising the following assignment of error for our review: "The trial court's sentence was contrary to law because it impermissibly imposed both a prison sentence and a community control sanction for the same count and it suspended a portion of two of the imposed prison sentences."

{¶ 5} The state did not object to the trial court's sentence at the hearing and therefore we review for plain error. Plain error "requires a showing that there was 'an error, that the error was plain or obvious, that but for the error the outcome of the proceeding would have been otherwise, and that reversal [is] necessary to correct a manifest miscarriage of justice.'" *State v. Speights*, 8th Dist. Cuyahoga No. 109733, 2021-Ohio-1194, ¶ 13, quoting *State v. Buttery*, 162 Ohio St.3d 10, 2020-Ohio-2998, 164 N.E.3d 294, ¶ 7. Appellate courts are to notice plain error only in "exceptional circumstances" in order to prevent "a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 95, 372 N.E.2d 804 (1978).

{¶ 6} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 21. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, the appellate court "shall review the record, including the findings underlying the sentence * * * given by the sentencing court" and that it "may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if it "clearly and convincingly finds" that (1) "the record does not support the sentencing court's findings" under particular statutory provisions that do not apply here or (2) "the sentence is otherwise contrary to law." A sentence is contrary to law if the trial court fails to comply with sentencing statutes. *State v. Holmes*, 8th Dist. Cuyahoga No. 99783, 2014-Ohio-603, ¶ 10.

{¶ 7} In *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, the Ohio Supreme Court held that trial courts "cannot impose a prison term and a community-control sanction for the same offense." *Id.* at ¶ 32. The court noted that the prohibition is grounded in felony sentencing statutes, contained primarily in R.C. 2929.11 to 2929.19. *Id.* at ¶ 23. Further, "[w]hen a court imposes community control sanctions, the sanctions are directly imposed on the defendant and do not follow as a consequence of a suspended prison sentence. R.C. 2929.15(A)." *State v. Vlad*, 153 Ohio App.3d 74, 2003-Ohio-2930, 790 N.E.2d 1246, ¶ 16 (7th Dist.).

{¶ 8} The trial court in this case imposed both a prison term and community control sanctions on each of the three counts on which it sentenced appellee. It also suspended six months of the 12-month sentences on the two gross sexual imposition counts. The sentence is contrary to law. Thus, we vacate the sentence and remand the case to the trial court for resentencing.

{¶ 9} Sentence vacated; case remanded for resentencing.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for further proceedings consistent with this opinion.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
CORNELIUS J. O'SULLIVAN, JR., JUDGE

SEAN C. GALLAGHER, A.J., and
ANITA LASTER MAYS, J., CONCUR