[Cite as *State v. Reed*, 2018-Ohio-1876.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                    Court of Appeals No. E-17-037

      Appellee                              Trial Court No. 2014-CR-509

v.

Eric Reed                                       **DECISION AND JUDGMENT**

      Appellant                            Decided:  May 11, 2018

* * * * *

Brett A. Klimkowsky, for appellant.

* * * * *

**SINGER, J.**

## Introduction

{¶ 1} Appellant, Eric Reed, appeals the July 12, 2017 judgment of the Erie County Court of Common Pleas revoking his community control and imposing a five-year sentence for participating in a criminal gang in violation of R.C. 2923.42(A), a felony of the second degree.

**Background**

{¶ 2} On December 18, 2014, appellant was indicted on three counts: participating in a criminal gang in violation of R.C. 2923.42(C); aggravated rioting in violation of R.C. 2917.02(A)(2); and assault in violation of R.C. 2903.13(A).

{¶ 3} On July 14, 2015, appellant entered a guilty plea to the participating in a criminal gang charge. The remaining counts were dismissed, and the prosecution recommended community control sanctions.

{¶ 4} On August 25, 2015, a sentencing hearing was held and appellant was sentenced to five years community control. The September 8, 2015 sentencing entry states:

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by this Court that the defendant having been found guilty as to Count No. 1, for the offense of PARTICIPATING IN A CRIMINAL GANG, a second degree felony in violation of §2923.42(A) of the Ohio Revised Code— with a Presumption of Prison, shall be sentenced to community sanctions for a period of five (5) years beginning August 25, 2015; further, harsher sanctions, including a prison term of five (5) years, would be imposed if defendant does not comply with community sanctions.

{¶ 5} Appellant did not timely appeal that judgment. Appellant was to comply with certain conditions while on community control, including to "obey federal, state and local laws and ordinances[.]" Appellant was alleged to have violated this condition

2.

because he committed aggravated burglary, burglary, or assault, in November 2016, as charged in Erie County C.P. case No. 2017-CR-0012.

{¶ 6} The trial court found probable cause existed, and a hearing was scheduled for January 6, 2017.  The hearing was continued numerous times and was held on July 7, 2017.  Appellant admitted, and the trial court found, that he violated his conditions.  On July 10, 2017, the trial court revoked appellant's community control.

{¶ 7} Appellant was sentenced to five years incarceration, and was given 316 days credit for time served as of July 10, 2017.  The judgment was journalized July 12, 2017, and appellant now appeals.

### *Anders* **Brief**

{¶ 8} On November 2, 2017, appellant's counsel filed a request to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel asserted, after thoroughly reviewing the transcript of proceedings in the trial court and the applicable case law, no meritorious assignments of error could be presented.  Counsel did not submit any potential assignment of error, and the state did not file a response brief.

{¶ 9} The procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue is set forth in *Anders*, as well as *State v. Duncan*, 57 Ohio App.2d 93, 385 N.E.2d 323 (8th Dist.1978).  In *Anders*, the U.S. Supreme Court found if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, counsel should so advise the court and request

3.

permission to withdraw. *Anders* at 744. This request must be accompanied by a brief identifying anything in the record which could arguably support the appeal. *Id.* In addition, counsel must furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters the client so chooses. *Id.*

{¶ 10} The appellate court must conduct a full examination of the proceedings and decide if the appeal is indeed frivolous. *Id.* If the appellate court determines the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal or it may proceed to a decision on the merits. *Id.*

### Frivolousness of Appeal

{¶ 11} Our examination of the proceedings reveals one potential assignment of error, which we decline to assess on its merit at this time. *See*, *e.g.*, *State v. Czech*, 6th Dist. Lucas No. L-13-1141, 2014-Ohio-3990, ¶ 16.

{¶ 12} The potential issue we find relates to whether the trial court failed to properly apply confinement credit to appellant's sentence in accordance with common law as articulated in *State v. Holmes*, 6th Dist. Lucas No. L-08-1127, 2008-Ohio-6804. At the July 10, 2017 hearing, appellant asserted he should be awarded confinement credit for time spent on electronic monitoring. His counsel presented the issue as follows:

> **[Counsel]:** Oh, yes. So the issue is, I was going to say, and why we asked for a hearing, Your Honor, was with regards to whether or not Mr. Reed should receive credit, I was going to say, on his case with regards to

4.

electronic monitoring that he had while he was on probation, post-conviction probation on his, what is it, the 2014 case, I believe.

{¶ 13} The trial court then allowed the prosecution to present its position on the issue, and it did so as follows:

> **[Prosecutor]:** Our position, Your Honor, as we stated last week, is that Mr. Reed was not sentenced to electronic monitoring house arrest by this Court. It was imposed as a community control violation when he violated his community control sanctions several times, Your Honor, and our argument, looking at the case law, the way we read it is that it would be credited as jail time credit if the Court had ordered it, which the Court did not, and [appellant's counsel] and I were going to ask the Court to take judicial notice or even stipulate to the fact that the judgment entry from the 2014-569 case, or is it 509, 509 case. In this judg— sentencing judgment entry the Court did not order electronic monitoring or house arrest for Mr. Reed, Your Honor.

{¶ 14} The trial court recognized *Holmes*, yet denied appellant's request. *But see id.* at ¶ 20. With respect to *Holmes*, and the relating case law, the court specifically stated as follows:

> **Court:** All right. And to be specific, the cases that are being cited in favor and against these two positions, specifically *State v. Holmes*, Sixth District, Lucas Number 08-1127, 2008-Ohio-6804, where the Sixth District

5.

held that a defendant should have been granted jail time credit under Revised Code Section 2949.08 for his time on post-conviction electronic mount— electronic monitoring house arrest. They— reason that because electronic monitoring constituted detention for purposes of an escape conviction, it shall— should also warrant, in the interest of justice, credit as time served.

There is a split among the Ohio Appellate Districts. However, the Tenth District Court of Appeals in *State v. Blankenship* found that it was— that the defendant was not entitled to confinement credit. There is also State versus— *State of Ohio v. Fillinger*, I believe, out of the Twelfth District Appellate Court. * * *

**{¶ 15}** In denying appellant's request, however, the court specifically held as follows:

**Court:** And so based on all of that, the Court, careful— after careful reading of all of these cases, is taking the position that the State has proposed. And so just to clarify for the record, the Court is not giving credit at this time for the post-release electronic monitoring house arrest or standard house arrest.* * *

Anything further from either side? Your— your appellate rights will be preserved, and if the Court of Appeals finds that I'm wrong, you'll be credited for the extra time at that point.

6.

**{¶ 16}** Based on our review, the record shows appellant served days on electronic monitoring since being sentenced to community control in September, 2015. Although electronic monitoring was not specifically imposed by the court against appellant, we cannot say, without the issue fully briefed, that he is not entitled to credit in contravention of our holding in *Holmes*. "Because an *Anders* brief is not a substitute for an appellate brief on the merits, we must 'appoint counsel to pursue the appeal and direct that counsel is to prepare an advocate's brief * * *' before we can decide the merit of the issue." *State v. Hopkins*, 6th Dist. Lucas No. L-10-1127, 2011-Ohio-4144, ¶ 11.

### Conclusion

**{¶ 17}** Appointed counsel's motion to withdraw is found well-taken and is granted. We appoint Brian A. Smith, 755 White Pond Drive, Suite 403, Akron, Ohio 44320, as appellate counsel and advocate in this matter, and direct him to prepare an appellate brief discussing the arguable issue identified in this decision, and any additional potential errors, within 30 days of the date of this decision and judgment. The remaining briefing schedule shall proceed in accordance with App.R. 18. The clerk is ordered to serve by regular mail all parties, including Eric Reed, with notice of this decision.

Motion granted.

Arlene Singer, J. _____

Thomas J. Osowik, J. _____

James D. Jensen, J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.